THE PEOPLE OF THE STATE OF NEW YORK ex rel. FOX FILM CORPORATION, Respondent, *v.* M. FRANK LOUGHMAN et al., Constituting the State Tax Commission of the State of New York, Appellants.

(Submitted March 18, 1932; decided April 26, 1932.)

*John J. Bennett, Jr., Attorney-General (Wendell P. Brown* of counsel), for appellants. The realty corporation was properly consolidated with the relator as it was not wholly engaged in the purchase and sale of, and holding title to, real estate for itself. (*People ex rel. Tiffany & Co.* v. *Campbell,* 144 N. Y. 166; *People ex rel. Stokes Co.* v. *Roberts,* 90 Hun, 533; *People ex rel. W. E. Co.* v. *Campbell,* 145 N. Y. 587; *People ex rel. A. S. Fountain Co.* v. *Roberts,* 158 N. Y. 168.) The creation of the Fox Film Realty Corporation and the vesting in it of title to the relator's New York real estate and studio and laboratory equipment was a mere bookkeeping device and the Tax Commission was justified in ignoring the fiction of a separate corporate entity. (*Chicago, Milwaukee & St. Paul Ry. Co.* v. *Minneapolis Civic Assn.,* 247 U. S. 490; *McCaskill Co.* v. *United States,* 216 U. S. 504; *Southern Pacific Co.* v. *Lowe,* 247 U. S. 330; *United States* v. *Reading Co.,* 253 U. S. 26; *Berkey* v. *Third Avenue Ry. Co.,* 244 N.Y. 84; *United States* v. *United Shoe Machinery Co.,* 234 Fed. Rep. 127; *Majestic Co.* v. *Orpheum Circuit,* 21 Fed. Rep. [2d] 720; *Industrial Research Corp.* v. *General Motors Corp.,* 29 Fed. Rep. [2d] 623; *Palmolive Co.* v. *Conway,* 43 Fed. Rep. [2d] 226.) The Tax Commission properly treated as dividends the moneys received by the relator from the earnings of its foreign subsidiaries. (*Christopher* v. *Commissioner of Internal Revenue,* 13 B. T. A. 729; *Matter of Walle & Co.,* 113 T. A. 1064; *McLoon Co.* v. *Commissioner of Internal Revenue,* 11 B. T. A. 816; *Matter of Bockius Realty Co.,* 1 B. T. A. 939; *Chattanooga Savings Bank* v. *Brewer,* 17 Fed. Rep. [2d] 79; *Rockefeller* v. *United States,* 257 U. S. 176; *Southern Pacific Co.* v. *Lowe,* 247 U. S. 330; *Cass* v. *Realty Securities Co.,* 148 App. Div. 96; 206 N. Y. 649.)

*Henry Brill, Percy Heiliger* and *Saul E. Rogers* for respondent. The consolidation by the Tax Commission of the assets of the realty corporation with those of the relator was illegal and without authority of the statute.

(*People ex rel. United Hotels Co.* v. *State Tax Commission*, 208 App. Div. 754; 239 N. Y. 516; *People ex rel. Studebaker Corp.* v. *Gilchrist*, 244 N. Y. 114; *People ex rel. Butterick* v. *Gilchrist*, 213 App. Div. 533; *People ex rel. Goodwin Sand & Gravel Co.* v. *Law*, 207 App. Div. 567; 238 N. Y. 624; *People ex rel. West F. I. Co.* v. *Davenport*, 91 N. Y. 574; *Newell* v. *People*, 7 N. Y. 97.) The earnings of the foreign subsidiaries should not have been treated as income upon which the relator is taxable. (*People ex rel. Alpha P. C. Co.* v. *Knapp*, 230 N. Y. 48; *Farmers Loan & T. Co.* v. *Minnesota*, 74 L. ed. 190; *People ex rel. Northern Finance Corp.* v. *Law*, 236 N. Y. 286.)

POUND, Ch. J. Questions are presented on this appeal arising under article 9-A of the Tax Law (Cons. Laws, ch. 60) which imposes an annual franchise tax upon business corporations measured by " entire net income " (§ 209) which is defined (§ 208, subd. 3) as meaning the " total net income."

Section 210 exempts from the provisions of article 9-A " corporations wholly engaged in the purchase and sale of, and holding title to, real estate for themselves."

Section 211 regulates reports of corporations to the Tax Commission. The annual franchise tax on respondent's net income for the calendar year 1922 is before us.

Subdivision 9 of section 211, as it existed in 1923 (Laws of 1922, ch. 507), provided:

" 9. Any corporation owning or controlling, either directly or indirectly, substantially all of the capital stock of another corporation, or of other corporations, *liable to report under this article*, may be required to make a consolidated report showing the combined net income, such assets of the corporations as are required for the purposes of this article, and such other information as the Tax Commission may require, but excluding intercorporate stockholdings and intercorporate accounts.

" The Tax Commission may permit or require the filing of a combined report where substantially all the

capital stock of two of more corporations liable to taxation under this article is owned by the same interests. The Tax Commission may impose the tax provided by this article as though the combined entire net income and segregated assets were those of one corporation, or may, in such other manner as it shall determine, equitably adjust the tax."

Relator is a New York corporation. Its business is renting motion picture films. It owns the entire capital stock of six domestic and seven foreign corporations. The Commission consolidated with the relator certain of its subsidiary corporations and included in the consolidation the wholly owned Fox Film Realty Corporation. It also included as net income the profits of seven foreign subsidiary corporations which had been taken over by the relator, the sole stockholder, under the guise of a loan account.

The Appellate Division has held (a) that the Fox Film Realty Corporation was *wholly* engaged in the purchase and sale of, and holding title to, real estate for itself and is not " liable to report " under article 9-A and must be omitted from the consolidated report under section 211, subdivision 9, as above quoted; (b) that the moneys received by the relator from the earnings of its foreign subsidiaries were not taxable as income as it appears that they were loans and not distributions of profits by way of dividends.

The Realty Corporation leased to the relator in connection with the real estate occupied by it for the purpose of renting motion picture films a large amount of personal property, consisting of laboratory and studio equipment, motion picture machines, printing machines and development machinery. The value of this personal property was considerable, both relatively and in the abstract. The Realty Corporation supplied the requirements of the parent corporation not only for the real estate used

in its business but also for a fully equipped motion picture plant. Thus it was not confined to the *exclusive* business of holding real estate. It held personal property as well. It was, therefore, not exempted under the provisions of the Tax Law. (*People ex rel. Tiffany & Co.* v. *Campbell*, 144 N. Y. 166, 172; *People ex rel. Western Electric Co.* v. *Campbell*, 145 N. Y. 587, 589; *People ex rel. A. S. Fountain Co.* v. *Roberts*, 158 N. Y. 168.) That a relatively small part of its holdings consists of personal property used with the real estate does not render it less liable to the tax. (Cf. *People ex rel. Stokes Co.* v. *Roberts*, 90 Hun, 533.)

We hold also that the money received by the relator from its seven foreign subsidiaries was properly included by the Tax Commission as income although the amount was carried on its books as loans made to it by them. The sums were paid by the subsidiaries to their sole stockholder out of earnings or profits. The evidence supported a finding that they were properly considered as " dividends received on stocks." (Tax Law, § 208, subd. 3.) The so-called loans were not represented by notes or other evidences of indebtedness; they bore no interest and they were payable at no definite time. It was a fair assumption that they would never be called and that no distribution of such earnings as dividends would ever be made. No formal declaration of dividends is necessary to make the distribution of corporate profits income for the purpose of taxation. (*Southern Pacific Co.* v. *Lowe*, 247 U. S. 330.) The purpose and intent of the taxing power may not be evaded by mere bookkeeping devices. A loan made with no intention that it be repaid cannot be converted into an asset when it is in fact a distribution of profits. (*Rockefeller* v. *United States*, 257 U. S. 176; *Chattanooga Sav. Bank* v. *Brewer*, 17 Fed. Rep. [2d] 79.)

The identity of a sole stockholder with his company need not be considered. The Tax Commission did not

have to pass over subsidiaries as mere devices to escape taxation in order to arrive at its conclusions. (*People ex rel. Studebaker Corp.* v. *Gilchrist,* 244 N. Y. 114, 120–123.) If the corporate *persona* is not ignored the result must be the same.

The order of the Appellate Division should be reversed and the determination of the State Tax Commission confirmed, with costs in this court and in the Appellate Division.

CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Order reversed, etc.