In the Matter of the Application of UNUM REAL ESTATE CORPORA-TION, Petitioner, against MARK GRAVES and Others, Constituting the State Tax Commission for the State of New York, Respondents, to Review a Determination Made under Section 182 of the Tax Law.

Third Department, March 8, 1939.

Root, Clark, Buckner & Ballantine [George E. Cleary and Robert G. Surridge of counsel], for the petitioner.

John J. Bennett, Jr., Attorney-General [Wendell P. Brown, Assistant Attorney-General, of counsel], for the respondents.

McNAMEE, J. For many years the petitioner had been a corporation " wholly engaged in the purchase and sale of, and holding title to, real estate for itself," as defined by section 182 of the Tax Law. It continued that character until November 22, 1930, when it purchased a large quantity of the stock of the City Investing Company, which it still holds, for business purposes.

On May 24, 1938, the State Tax Commission finally determined that the petitioner pay a franchise tax of $5,922.03 for the calendar year 1931, pursuant to the provisions of section 182 of the Tax Law,

"based on business for the calendar year ending December 31, 1930." No question is raised about the amount of the tax, if payable at all; and none of the facts are in dispute.

The only question on this review is whether a franchise tax may be assessed against the petitioner for the year 1931, as a corporation wholly engaged in the purchase and sale of, and holding title to, real estate for itself, when the petitioner was not such a corporation at any time during the year 1931. Both parties agree that this is the question involved. Stated otherwise, the question is, has the statute *imposed* the tax which the State Tax Commission has assessed.

When the petitioner purchased the stock of the City Investing Company it thereupon became a "business corporation," within the meaning of section 209 of the Tax Law. The two sections mentioned give classification to "real estate" corporations and to "business" corporations so called, respectively; many other corporations, created for various purposes, are separately classified in the Tax Law.

By section 209, and for the purposes of this case, the tax year for a "business" corporation begins November first, and the tax payable by it is measured by its net income for the preceding calendar year; and by section 182, the tax year for a "real estate" corporation begins January first, and the tax payable by it is measured by the value of its gross assets within the State during the preceding year. Both of these taxes are levied for "the privilege of exercising" a corporate franchise. It is the *privilege* that is taxed, and not the exercise thereof. In either case this franchise tax is payable *in advance*, and the tax becomes a liability on November first or January first, as the case may be. (*Carey* v. *Keith, Inc.*, 250 N. Y. 216.)

At the time the tax in question was levied on January 1, 1931, the petitioner was not a "real estate" corporation by the very terms of section 182, nor was it such at any time during that year. As soon as the petitioner bought and held property other than real estate for itself, on November 22, 1930, *ipso facto* it became a "business" corporation, and was never anything else thereafter. It did not require an adjudication of the court, nor other legal proceeding, to effect that result. The conceded facts and the statute themselves determined it. (*People ex rel. Fox Film Corp.* v. *Loughman*, 259 N. Y. 30; *People ex rel. Goodwin Sand & Gravel Co.* v. *Law*, 207 App. Div. 567.)

It is urged by the Attorney-General that it is the purpose of the State to impose on all profit-motive corporations a franchise tax each year, and he urges also a construction indicating that it was

the intention of the statute in question that the petitioner should pay such a tax in advance for the year 1931, because it was a " real estate " corporation and had assets in this State a greater part of the year 1930; and, accordingly, it is asserted that the petitioner should not be exempted therefrom. There is no warrant for " construction " of a statute which is mathematically clear in its terms; and, of course, no exemption is claimed. The petitioner contends that no tax was laid upon it. The record presents no question of taxation under any other statute. It is our view that the franchise tax in dispute was not assessable by the State Tax Commission against the petitioner in 1931 for the reason that during that year the petitioner was not such a corporation as was comprehended within section 182 of the Tax Law.

The determination should be annulled, with costs to the petitioner.

HILL, P. J., BLISS and HEFFERNAN, JJ., concur; CRAPSER, J., dissents, with a memorandum.

CRAPSER, J. (dissenting). The sole question presented is whether a real estate corporation taxable under section 182 of the Tax Law, which, after November first (the beginning of the tax year for business corporations taxable under article 9-A) and before the following January first (the beginning of the tax year for real estate corporations taxable under section 182), engaged in activities requiring its classification thereafter as a business corporation, thereby becomes relieved of taxation under section 182 for the year beginning on said first day of January.

The system of annual taxation of corporations upon their franchises was inaugurated in this State in 1880.

In 1922 the Legislature adopted an amendment to the Tax Law, the effect of which was to move forward the beginning of the tax year, under section 182, from November first to January first. The effect of that amendment was also to relieve taxpayers under section 182 of the payment of any franchise tax for the two months' period from November 1, 1922, to December 31, 1922.

Petitioner is a domestic corporation, organized under the laws of this State on September 17, 1917, and at all times, prior to November 1, 1930, it was a real estate corporation, taxed under section 182 of the Tax Law.

On November 22, 1930, it purchased some shares of stock which took it out of the category of a real estate corporation and placed it under another section, article 9-A, so far as taxation was concerned.

The petitioner filed its annual report under section 182 for the tax year beginning January 1, 1931, and was assessed upon that return.

The Commission finally determined to affirm the assessment under section 182 as originally made. It is that assessment that is now under review.

A real estate corporation which has paid its tax under section 182 for a given calendar year and which, prior to November first of that year, engaged in activities requiring its classification as a corporation under article 9-A, became subject to the 9-A tax for the year beginning November first of that year. Such a course results in a duplication of taxes for two months, but when the date was changed by the Legislature an escape of two months was enjoyed.

The petitioner's contention is that, because it purchased the stock of the City Investing Company after, instead of before, November 1, 1930, it is not only relieved from paying the two taxes for the two-month period which corporations changing classification before November first are properly required to pay, but that it is relieved also of all taxation under either provision for the ten-month period from January 1, 1931, to November 1, 1931.

The tax, under section 182, like the tax under article 9-A, is a tax for the privilege of exercising corporate franchises, and not upon the actual exercise of the privilege, and is taxable whether or not the privilege is exercised.

If a real estate corporation should sell all of its holdings and distribute the proceeds to its stockholders, thus becoming a corporation without a business, it would still remain liable to taxation under section 182 until it took the necessary steps to become dissolved. This would not be because it was engaged in business but would be because the tax was imposed for the privilege of exercising the corporate franchise, and because its last actual status was that of a real estate corporation. It would seem to me, therefore, the State Tax Commission was entirely within the law in assessing the tax under section 182 that has been imposed here, and I, therefore, dissent from Justice McNAMEE's opinion for annulment and vote to confirm the final determination of the State Tax Commission with fifty dollars costs and disbursements.

Determination annulled, with fifty dollars costs and disbursements.