In the Matter of MARKET BASKET CORPORATION, Petitioner, against ALLEN J. GOODRICH et al., Constituting the State Tax Commission, Respondents.

Third Department, July 7, 1955.

*Casper V. Baltensperger* and *Thomas C. Taylor* for petitioner.

*Jacob K. Javits, Attorney-General (Robert W. Bush* and *Henry S. Manley* of counsel), for respondents.

Coon, J. The particular controversy between the parties is that the Tax Commission has ruled that when petitioner's trucks are carrying nothing but empty "banana crates" and/or "bread boxes" they are taxable as "laden", while petitioner considers them "unladen".

Insofar as it is pertinent here, the effect of section 503 of the Tax Law is that trucks subject to the tax come within one or the other of two categories — one taxable at gross weight, which is the weight of the truck plus the weight of the maximum load which it may carry, and the other taxable at actual weight when no cargo whatever is carried. There is no in-between. This method of taxation has been held constitutional. (*Mid-States Frgt. Lines* v. *Bates,* 279 App. Div. 451, affd. 304 N. Y. 700.) The statute also authorizes the Tax Commission "To make reasonable rules and regulations to effectuate the purpose of this article". (Tax Law, § 509, subd. 7.) Quite detailed regulations have been made to define in which of the two categories a particular situation may fall — whether a truck is "laden" or "unladen". Article 75 of the regulations provides that in

addition to other listed equipment necessary to operate the vehicle, an '' unladen '' truck may carry '' (d) Equipment used exclusively for the protection of the load carried by the vehicle, and (e) Equipment used exclusively for the loading or unloading of the vehicle.'' The regulation then provides: '' Anything else carried by the motor vehicle is deemed to be a load. For example, a motor vehicle carrying empty containers such as oil drums, milk boxes, beer bottles, etc., or carrying rejected cargo, is deemed to be laden.'' (N. Y. Official Compilation of Codes, Rules & Regulations [7th Official Supp.], p. 682.)

The filled '' banana crates '' and '' bread boxes '' involved here were carried aboard petitioner's trucks from its warehouse to its various food stores, and there both containers and contents were left at the store. For convenience in storage and handling the contents remained in the containers until such time as the bananas and bread were placed on display for sale. At some later time the empty containers were picked up by one of petitioner's trucks and returned to the warehouse. It is on this return trip that the controversy arises.

We see no merit to petitioner's contention that the regulations are invalid or unreasonable. The commission was clearly authorized by the Legislature to provide the detailed administration of the law. A line had to be drawn somewhere to determine into which category a particular vehicle fell. Because a vehicle may come close to the line on one side does not put it on the other side, though the result in a particular instance may seem harsh. Nor may we say that the determination of the commission that these containers were not used *exclusively* for the protection of the load carried by the vehicle is without evidence to support it.

The determination should be confirmed, with $50 costs.

Foster, P. J., Bergan, Halpern and Zeller, JJ., concur.

Determination confirmed, with $50 costs.