In the Matter of 6 E. 112TH STREET CORP. et al., Petitioners, against STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, August 13, 1959.

*Emil Levin* and *Harry Merwin* for petitioners.

*Louis J. Lefkowitz, Attorney-General* (*Robert W. Bush* and *Paxton Blair* of counsel), for respondent.

HERLIHY, J. There is substantially no dispute as to the facts. Petitioners' domestic corporations had for a number of years been classified and taxed pursuant to section 182 of the Tax Law which defines a real estate corporation as '' wholly engaged in the purchase and sale of, and holding title to, real estate for itself, or wholly engaged in the business of subleasing real estate * * * or wholly engaged in any of such activities ''. The basis for the change of classification was that the apartment house owned by each petitioner had been altered so that 23.7% of the units represented by one corporation and 11.4% of the other corporation had been classified as '' furnished apartments ''; the State Tax Commission having found that besides the usual items to any apartment, these contained tables, chairs, couches, beds, dressers and other furniture and the rental was increased proportionately.

The section here involved [182] became law in 1930 and was a deviation in favor of real estate corporations as against business corporations subject to article 9-A of the Tax Law. The Legislature apparently was of the opinion that such corporations were already subject to real estate taxes by cities, counties, towns and other municipal agencies and were therefore entitled to some special tax consideration. With the coming of the new law, the Tax Commission adopted a policy of strict and rigid tests in determining what were '' real estate corporations '' and their construction of the statute deserves great weight in establishing legislative intent. (*Matter of City of New York,* 217 N. Y. 1, 5–13.)

The courts have affirmed such determination. (*Matter of Central Park Plaza Corp.* v. *Bates,* 278 App. Div. 607, affd. 303 N. Y. 694; *People ex rel. Fox Film Corp.* v. *Loughman,* 259 N. Y. 30; *Matter of Unum Real Estate Corp.* v. *Graves,* 256 App. Div. 417.)

To accomplish its objective — so far as the facts here concerned — the commission had promulgated Example 3 of article 160 of the Business Corporation Franchise Tax Regulations

9-A " Change of classification " which provided and enunciated: " A corporation, subject to tax under section 182, which owns and operates an apartment house leased to several tenants and has no other assets or business, rents a furnished unit in such apartment house to a tenant on April 15, 1951. The corporation ceases to be subject to tax under section 182 and becomes subject to tax under article 9-A on April 15, 1951." (N. Y. Off. Comp. of Codes, Rules & Regulations [9th Supp.], p. 600.)

The record is abundantly clear that petitioners were advised of the " Example " and its consequences. They contend, however, that the apartments were furnished " in order to improve the rentability of the real estate ". While the record does not disclose, we assume petitioners' argument might be due to changing neighborhood or economic conditions.

There may be merit to the argument that the distinction — between furnished and unfurnished apartments — is a narrow one but it was within the authority and discretion of the commission to make such rules and regulations. (*Matter of Market Basket Corp.* v. *Goodrich,* 286 App. Div. 283.) There would be no merit to the argument if all of the apartments were furnished, rented and resulted in increased revenue. The question of degree should not be controlling. Section 182 is an exception to the norm (art. 9-A) and there was pragmatic sanction for the decision of the commission that the petitioners were not engaged " solely " and " exclusively " in the business of real estate.

The determination should be confirmed.

BERGAN, J. P., COON, GIBSON and REYNOLDS, JJ., concur.

Determination confirmed, with $50 costs to respondent.