Morris Slifkih, J.
This is an article 78 proceeding in the nature of prohibition seeking to restrain respondents from conducting a hearing on charges preferred against petitioner pursuant to section 75 of the Civil Service Law. Additionally, petitioner seeks (1) dismissal of the charges, (2) vacation of an order suspending him from service, (3) restoration to his position with full pay for the period of his suspension, and (4) expungement from his personnel record of all references to the charges and suspension.
Petitioner was employed by the Board of Education of the City of Yonkers as a superintendent of building custodians, a position he held since 1963.
On November 12, 1971, pursuant to section 75 of the Civil Service Law, charges and specifications were preferred against petitioner by the Assistant Superintendent of Schools involving alleged acts of delinquency, misconduct and dereliction of duty.
The substance of the charges, founded upon information and belief, allege that during November or December, 1967, petitioner directed a Board of Education employee to paint several rooms in a house owned by petitioner, during regular employ *693 ment hours. A similar incident is alleged to have occurred in December, 1967 at the house of another private individual. Petitioner is further alleged to have ordered a board employee to install a canopy at a house owned by him in the early spring of 1968 and thereafter, in the late spring of that year, to paint fire escapes thereon, all during the employee’s regular working hours. Additionally, petitioner is said to have ordered a board employee to dig trenches and install water pipes at a house owned by him during the summer of 1968, on the board’s time. The final charge preferred alleges that petitioner, without authorization, instructed a board employee to ‘ ‘ take approximately 12 gallons of paint from a Board of Education Supply Boom at Lincoln High School and use it to paint a house ” owned by him in. November or December, 1967.
Effective November 12,1971, based on the preferment of these charges, the Superintendent of Schools suspended petitioner without pay for a period not to exceed 30 days, with instructions regarding the filing of an answer and the scheduling of a hearing.
Petitioner denied the charges and as an affirmative defense, interposed the Statute of Limitations as a procedural bar to the proceedings.
Thereafter, by a show cause order dated November 26, 1971, this article 78 CPLB proceeding was commenced.
Bespondents have interposed their objections in point of law prior to service of a formal answer, and thereupon move for a dismissal of the petition. (CPLB 7804, subd. [f].)
The court’s sole duty at this juncture is to rule upon the sufficiency of the petitioner’s affirmative defense — namely, whether the three-year Statute of Limitations bars respondents from acting upon the charges.
Subdivision 4 of section 75 of the Civil Service Law states: “ Notwithstanding any other provisions of law, no removal or disciplinary proceeding shall be commenced more than three years after the occurrence of the alleged incompetency or misconduct complained of and described in the charges provided, however, that such limitation shall not apply where the incompetency or misconduct complained of and described in the charges would, if proved in a court of appropriate jurisdiction, constitute a crime.” (Italics added.)
Giving petitioner the benefit of every favorable inference in his behalf, it is nevertheless the fact that if the charges preferred against him were proven at the criminal bar, he would be guilty of theft of services as defined by subdivision 7 of section 165.15 of the Penal Law, constituting a class A misdemeanor. Subdivision 6 of section 10.00 of the same law defines as a “ crime ” *694 acts which are either misdemeanors or felonies. Consequently, the Statute of Limitations imposed by subdivision 4 of section 75 of the Civil Service Law by its terms does not apply nor is it available to the employee petitioner herein.
It has been further urged that, conceding the charges if proven would constitute a crime, petitioner’s defense of the criminal Statute of Limitations (CPL 30.10, subd. 2, par. [c]) would bar all criminal proceedings at this time, thus removing from petitioner’s case the operation of the exception contained in section 75 of the Civil Service Law. This argument does not conform to the statute.
The statute last cited does not require a conviction on the acts of misconduct charged to the petitioner to make the exception operative. It merely evinces a legislative intention to avoid the dilemma interposed by counsel as a defense to the disciplinary proceedings invoked against his client. One must read the excepting clause as removing the three-year bar only in those cases of alleged misconduct which, upon proof thereof, would constitute a crime. In that sense, the clause is descriptive, not proscriptive. It does not purport to bar disciplinary proceedings merely because a criminal prosecution may not now be maintained on the charges preferred against petitioner.
The court has searched the legislative memoranda in an attempt to find an expression of intention that might lend support to petitioner’s argument. Finding none, it must be guided by the general principle that instructs the court to construe a statute as it finds it without restricting an obvious application or changing the scope of the enactment (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 73). In other words, if the statute is framed in plain language, an attempt at construction must be avoided (Matter of Unum Real Estate Corp. v. Graves, 256 App. Div. 417, affd. 281 N. Y. 844). Accordingly, the court finds no persuasive rationale for the result urged by petitioner on this point.
In passing on the merits of petitioner’s claim, the court has been mindful of yet another interesting problem concerning the applicability in limine of an article 78 proceeding in the nature of prohibition to the facts presented. Such proceeding is an extraordinary remedy which generally does not lie to prevent the performance of administrative or legislative acts (Matter of Rivkin v. Garbros, Inc., 183 Misc. 389). Relief bottomed on prohibition is 1 ‘ never issued as a matter of right, but only in the sound discretion of the court when no other remedy is available (Matter of Schuyler v. State Univ. of N. Y., 31 A D 2d 273). The case last cited concerned an application by a student at the *695 State University seeking to restrain the university from holding disciplinary hearings into the student’s conduct. The Appellate Division held that since the decision of the university’s president, rendered after the hearing, “ would be subject to judicial review under article 78 of the CPLR, another remedy was available * * * and, therefore, prohibition is improper ” (p. 275). Nevertheless, as pointed out by the treatise writers, there are to be found £ 1 many cases allowing review by prohibition without discussion of the question whether review after a final determination would be 1 adequate ’ ” (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7801.08).
Perhaps the suggestion offered by the authorities resolves the present issue: the need to have the question first decided by the competent officials supposedly expert in the subject matter and the extent to which the question may better be answered by the court in the context of a full record after hearing by a proceeding in the nature of certiorari (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7801.9 and cases cited at n. 38).
Respondent’s request that the court order an additional 30-day suspension of petitioner on the ground that his conduct in bringing on this proceeding has caused further delay in hearing the charges is denied. There is no authority for that position and the cases cited by respondents do not require such action in this case. Petitioner’s resort to the court for redress of a legitimately conceived grievance ought not assume the proportions of improper or dilatory conduct absent a clear demonstration of frivolousness or a design to purposefully hinder the progress of these proceedings. The result sought by respondents would close the halls of justice to all those who are entitled to be heard but, for fear of additional penalty, reluctantly stand mute.
For the reasons heretofore expressed, judgment is awarded to the respondents to the extent of dismissing the-petition.