■ ANTHONY MANTA, Respondent, v VINCENT MANTA, Appellant.—In an action to recover amounts withdrawn from a joint savings account, defendant appeals from a judgment of the Supreme Court, Queens County, dated December 9, 1975, which is in favor of plaintiff in the principal amount of $14,035.66, together with interest, costs and disbursements, after a nonjury trial. Judgment modified, on the law, without costs or disbursements, by reducing the principal amount thereof to $7,017.83. As so modified, judgment affirmed, and action remanded to Trial Term for the entry of an appropriate amended judgment. The findings of fact are affirmed. The parties' mother set up a joint savings account with plaintiff, and then withdrew the entire balance, less $10, therefrom and deposited it into a new joint bank account in the names of herself and the defendant. As a joint tenant of the first account, plaintiff became entitled to a moiety of the balance in the account during the lifetime of the mother. However, the mother had the legal power to withdraw her moiety from the account, and to thereby terminate plaintiff's survivorship right therein. Thus, plaintiff is the rightful owner of one half of said balance, and defendant is the rightful owner of the other half, by survivorship (see *Matter of Kleinberg v Heller,* 38 NY2d 836). The withdrawn money having been traced by the court to the second account, and having been withdrawn therefrom by defendant, defendant is liable to plaintiff for plaintiff's moiety of the first account. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ PATRICIA McGRAW, Appellant, v ISIDORE SHAPIRO, as Commissioner of the Department of Mental Health of the County of Nassau, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to enjoin respondents from transferring petitioner, an employee of the Nassau County Department of Mental Health, to a new facility, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated November 15, 1976, which dismissed the petition. Judgment affirmed, without costs or disbursements. A review of the record shows no abuse of discretion by Special Term in denying petitioner the extraordinary remedy sought, which generally does not lie to prevent administrative acts (see *Matter of Dati v Gallagher,* 68 Misc 2d 692, 694). Petitioner may, of course, pursue her grievances before the appropriate administrative bodies. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.