■ JUDITH GARELICK, Appellant, v JOHN J. DOWLING, as Commissioner of the Department of Health of Nassau County, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to rescind administrative changes in the work assignment of petitioner, an employee of the Nassau County Department of Health, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated March 31, 1977, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. Petitioner-appellant was reassigned "laterally", at the discretion of the administrative head of her department, to promote efficiency within the department. There was no change in job title, function or salary. Thus, the extraordinary remedy here sought was properly denied at Special Term (see *McGraw v Shapiro,* 56 AD2d 624). Petitioner may, of course, pursue her grievance before the appropriate administrative body. Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.

■ G-M ASSOCIATES, Respondent, v ALDO REALTY COMPANY, Appellant.— In an action to foreclose a mortgage, defendant appeals from so much of an order of the Supreme Court, Suffolk County, entered February 17, 1977, as, upon reargument, adhered to the original determination denying its motion to dismiss the action for lack of personal jurisdiction. Order affirmed insofar as appealed from, with $50 costs and disbursements. Service upon a partnership may be effected by personal delivery to a partner, or by service under CPLR 308 (subds 2, 3, 4 or 5) (see 1 Weinstein-Korn-Miller, NY Civ Prac, par 310.02). *Italian Colony Rest. v Wershals* (45 AD2d 841) is not to the contrary. The service in *Italian Colony* was an attempt to effect personal delivery upon a partner under CPLR 308 (subd 1) by serving a secretary. There was no concomitant mailing (see CPLR 308, subd 2). Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.

■ CYRIL GRASSO, Respondent, v ATLAS TRAFFIC CONSULTANTS CORP. et al., Appellants.—In an action, *inter alia,* to recover damages for breach of an employment contract, in which plaintiff alleges a conspiracy by the individual defendants to breach his contract with the defendant corporation and to personally profit thereby, defendants appeal from so much of an order of the Supreme Court, Queens County, dated November 16, 1976, as denied the branch of their motion which sought partial summary judgment dismissing the first cause of action as against the individual defendants. Appeals by defendants from two orders of the Supreme Court, Queens County, dated July 26, 1976 and September 7, 1976, respectively, dismissed. Defendants have withdrawn the said appeals. Order dated November 16, 1976 affirmed insofar as appealed from. Plantiff is awarded one bill of $50 costs and disbursements. The complaint alleges, *inter alia,* acts committed by the individual defendants which, if proven, could result in their personal and individual profit. Under these circumstances, plaintiff-respondent has met the requirement of alleging that individual, intentional and separate torts, independent of the corporate purpose, have been committed. Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.