■ In the Matter of JOSEPH VROOMAN, Appellant, v JAMES PREVOST, as Commissioner of the Office of Mental Health of the New York State Department of Mental Hygiene, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered April 1, 1980 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for failure to exhaust administrative remedies. Petitioner, employed as a Photographer I, a grade 8 competitive class position at Marcy Psychiatric Center, was transferred on December 13, 1978, to the Utica Psychiatric Center upon order of respondent Heath who served both as the Director at Utica and Acting Director at Marcy. Petitioner, complaining of the reassignment, commenced a noncontract grievance at step 1 of the four-step grievance procedure established by the Department of Mental Hygiene (Department) for the submission and settlement of employee noncontract grievances. On December 27, 1978, the grievance was denied and on or about January 2, 1979, petitioner appealed the decision to the second step of the grievance procedure. Although denied again, petitioner did not pursue the grievance through the remaining two steps, but instead, on April 9, 1979, he commenced a proceeding pursuant to CPLR article 78 in Supreme Court, Albany County, intended to be pursued as a class action, claiming that Utica and Marcy Psychiatric Centers are separate appointing authorities as defined in subdivision 9 of section 2 of the Civil Service Law and, therefore, respondent Heath lacked power to transfer employees from one facility to the other. Annulment of the transfer order was requested. By cross motion, respondents moved to dismiss the petition on ground petitioner failed to exhaust available administrative remedies. Relying upon CPLR 7801 and *Young Men's Christian Assn. v Rochester Pure Waters Dist.* (37 NY2d 371), Special Term granted a judgment dismissing the petition in all respects. This appeal ensued. It is admitted that petitioner abandoned the grievance procedure after step 2 (ostensibly upon advice of his union representative) opting to litigate under CPLR article 78. Special Term, rely-

ing upon the authorities cited above, dismissed the petition under the general rule that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law (see *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52). Petitioner seeks to establish that the issues presented ([1] the noncontract grievance procedure established by Executive Order No. 42 is not an administrative remedy requiring exhaustion before judicial proceedings may be commenced, [2] the transfer was allegedly an illegal act thereby raising pure questions of law requiring statutory interpretation, [3] the administrative remedy is nonexclusive, [4] the administrative remedy would be futile, and [5] the administrative remedy is not available to petitioner) clearly qualify the instant case as an exception to the exhaustion of administrative remedies rule. It is undisputed that the Utica and Marcy Psychiatric Centers are two distinct and separate facilities (Mental Hygiene Law, § 1.03, subd 6; see, also, Mental Hygiene Law, § 7.17, subd [b]). Each facility has as its "chief executive officer" a director appointed by the commissioner (Mental Hygiene Law, § 7.21, subd [a]). Each director has administrative power to "appoint and remove * * * such officers and employees of the facility * * * as are necessary for its efficient administration" (Mental Hygiene Law, § 7.21, subd [a]). The statute also empowers the director to "manage the facility and administer its personnel system" (Mental Hygiene Law, § 7.21, subd [a]). This broad power is subject, however, to compliance with law, rules and regulations of the Commissioner of Mental Health and the rules of the Civil Service Commission (Mental Hygiene Law, § 7.21, subd [a]). Subdivision 1 of section 70 of the Civil Service Law states "No employee shall be transferred without his consent except upon the transfer of functions as provided in subdivision two of this section."* A similar provision is found in the classified Civil Service Rules ("Every transfer shall require the consent, in writing, of the transferee * * * and the approval of the Civil Service Department") (4 NYCRR 5.1[a][4]). It is clear that there cannot be a "transfer" of an employee without his consent in writing and the approval of the Civil Service Department. Neither the employee's consent nor Civil Service Department approval was obtained in this case. It is equally clear that the personnel action herein was a "transfer" and not a "reassignment". These terms are defined in the classified Civil Service Rules as: "(1) The term *transfer* means the change, without further examination, of a permanent employee from a position under the jurisdiction of one appointing authority to a position under the jurisdiction of another appointing authority or to a position in a different title in the same or a higher salary grade under the jurisdiction of the same appointing authority. (2) The term *reassignment* means the change, without further examination, of a permanent employee from one position to a position in the same title under the jurisdiction of the same appointing authority" (4 NYCRR 1.2[b]). Petitioner held the same job title and performed essentially the same duties at Utica as he formerly performed at Marcy. Therefore, the action taken by respondents was a "transfer", and unless petitioner remained under the jurisdiction of the same appointing authority (director), his consent in writing was required. The "appointing authority" is defined in subdivision 9 of section 2 of the Civil Service Law as "the officer, commissioner or body having the power of appointment to subordinate positions." Subdivision (a)

---

* Subdivision 2 of section 70 applies basically to transfers of a function between (1) two State agencies, (2) two municipalities, or (3) the State and a municipality. It thus has no application here.

of section 7.21 of the Mental Hygiene Law states that each facility director has the power to appoint and remove employees in accordance with law and applicable rules of the State Civil Service Commission. Therefore, each director of a facility is the appointing authority for the personnel in his facility. The direction given petitioner to work at Utica was a "transfer" requiring his consent. Respondents urge that since respondent Heath held the position of Director at Utica and Acting Director at Marcy, he constituted but one appointing director with authority to move employees freely from one location to another. This is not true. Section 7.17 of the Mental Hygiene Law specifically identifies the hospitals established by the Department and lists Utica Psychiatric Center and Marcy Psychiatric Center as separate, distinct and independent facilities, notwithstanding the fact that one man may have been holding the position of appointing authority at both. *Garelick v Dowling* (59 AD2d 733) and *Matter of Flemming v Cagliostro* (53 AD2d 187, mot for lv to app den 40 NY2d 806), relied upon by respondents, do not require a different result since neither is factually similar to the instant case. Without consideration of the remaining issues urged by petitioner, including the issue of certification of the class action, it appears clear that Special Term erred in its dismissal of the petition in reliance upon petitioner's failure to exhaust administrative remedies. This is not simply a noncontract grievance matter; rather the court is required to interpret and construe laws and regulations and determine the legality or illegality of an action by respondent Heath raising pure questions of law requiring statutory interpretation. These are exceptions to the exhaustion rule (see *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, *supra; Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, *supra),* which require that the judgment be reversed. The circumstances in this case distinguish *Matter of Starrs v Tully* (67 AD2d 784) where this court denied judicial review on the basis that resultant harm would not be grave and could be adequately corrected on appeal. Respondents having moved to dismiss the petition without service of an answer, the case should be remitted to the trial court for filing of respondents' answer and for further proceedings not inconsistent with this decision. Judgment reversed, on the law, without costs; petition reinstated, and matter remitted to Special Term for further proceedings not inconsistent herewith. Sweeney, J.P., Casey and Weiss, JJ., concur; Yesawich, Jr., and Herlihy, JJ., dissent and vote to affirm in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). We would affirm on the opinion of Mr. Justice Prior at Special Term.