■ In the Matter of GYPSY E. CADY, Appellant, v JAMES M. CLARK, as President of the State University College at Cortland, et al., Respondents.—Crew III, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered July 30, 1990 in Cortland County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

Petitioner was employed as a probationary public safety officer at the State University of New York at Cortland in Cortland County. On January 5, 1990, she called Assistant Personnel Director Peter Lalla to express concern relating to her job security and indicated a desire to resign rather than

be terminated. At the conclusion of their conversation, they agreed to a meeting that was set for January 8, 1990 to further discuss the problem. That meeting did not take place. Instead, Lalla hand delivered a letter to petitioner in which he acknowledged her resignation effective January 5, 1990. Pursuant to a collective bargaining agreement, petitioner filed a grievance and challenged her termination through two of the three steps provided for which resulted in unfavorable determinations. Instead of pursuing the third step of the grievance procedure, petitioner commenced this CPLR article 78 proceeding to challenge the determination that she resigned from her position. Before answering, respondents moved to dismiss the petition for failure to exhaust administrative remedies. Supreme Court dismissed the petition, without prejudice, and this appeal ensued.

The general rule is that a party who objects to an act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law *(Matter of Vrooman v Prevost,* 80 AD2d 933, 934). Additionally, this State's public policy favors the resolution of labor disputes pursuant to the procedures provided for in a collective bargaining agreement *(see, Matter of Board of Educ. v Ambach,* 70 NY2d 501, 509, *cert denied sub nom. Margolin v Board of Educ.,* 485 US 1034). However, article 7 of the collective bargaining agreement in the case at bar provides that the grievance procedure defined therein need not be pursued where the issue raised may be presented in a review procedure established by law. Additionally, the general rule requiring exhaustion of administrative remedies does not apply where the issue raised involves a pure question of law *(see, Matter of Vrooman v Prevost, supra,* at 935). Unquestionably, CPLR article 78 affords petitioner a procedure to review the determination. The question to be resolved, therefore, is whether the issue raised is a pure question of law.

It is clear from the record that petitioner was terminated from her position based upon an alleged oral resignation which was put into writing by Lalla. It is a requirement that "every resignation shall be in writing" (4 NYCRR 5.3 [a]). The issue raised by petitioner is whether respondents could reduce her alleged oral resignation to writing and subject her to the terms thereof pursuant to 4 NYCRR 5.3 (a). Petitioner called upon Supreme Court to interpret and construe 4 NYCRR 5.3 (a) and to determine the legality or illegality of respondents' act, thereby raising a pure question of law concerning statutory interpretation *(see, Matter of Vrooman v Prevost, supra).*

Accordingly, we find that petitioner was not required to pursue the remaining step of the grievance procedure provided in the collective bargaining agreement and that Supreme Court erred in granting respondents' motion to dismiss the petition. The judgment should therefore be reversed and respondents' motion denied.

Mahoney, P. J., Casey, Weiss and Mercure, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and motion denied.