■ In the Matter of KAREN A. NICOSIA et al., Respondents, v BUFFALO PSYCHIATRIC CENTER et al., Appellants. [741 NYS2d 489] —Appeal from a judgment (denominated order and judgment) of Supreme Court, Erie County (Notaro, J.), entered May 31, 2001, which granted the CPLR article 78 petition and directed

respondents to "cease and desist" transferring petitioner Karen A. Nicosia from her employment from one psychiatric center to another without her written consent and the approval of the New York State Department of Civil Service.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking a judgment directing respondents to "cease and desist" transferring Karen A. Nicosia (petitioner) from her employment as a pharmacist from one psychiatric center to another without petitioner's written consent and the approval of the New York State Department of Civil Service. Supreme Court properly granted the petition. It is undisputed that the two respondent psychiatric centers at issue constitute separate appointing authorities under Mental Hygiene Law § 1.03 (6) and § 7.17 (b), and thus the assignment of petitioner to work numerous days at respondent Western New York Children's Psychiatric Center instead of at her usual position at respondent Buffalo Psychiatric Center constituted a transfer within the meaning of 4 NYCRR 1.2 (b) (1). Therefore, the court properly determined that respondents must obtain petitioner's written consent and the approval of the New York State Department of Civil Service before so transferring petitioner (see Civil Service Law § 70 [1]; 4 NYCRR 5.1 [a] [3]; see also Matter of Vrooman v Prevost, 80 AD2d 933, 934). Present— Green, J.P., Wisner, Hurlbutt, Scudder and Lawton, JJ.