■ In the Matter of Louis N. Sabatini, Respondent, v. William E. Kirwan, as Superintendent of New York State Police, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered November 20, 1972 in Albany County, which, in a proceeding pursuant to CPLR article 78, ordered that petitioner be entitled to receive back pay from April 5, 1970 to August 3, 1972, less earnings from outside sources. Petitioner Sabatini was suspended without pay from duty as a New York State Police Officer on March 5, 1970 for alleged misconduct arising out of a conspiracy charge that was to be prosecuted by Federal authorities. Shortly thereafter, he was notified that the filing of departmental charges and the conduct of hearings would be withheld because the Superintendent had been requested by the United States Attorney's Office not to disclose the nature of the charge or any information surrounding it since such disclosure might be detrimental to the government's presentation and prosecution of the criminal charges. Ultimately, the indictment was dismissed on March 24, 1972, and departmental charges were filed, pursuant to court order, on August 3, 1972. Subdivision 3 of section 75 of the Civil Service Law provides that "Pending the hearing and determination of charges of * * * misconduct, the * * * employee * * * may be suspended without pay for a period not exceeding thirty days." This provision has repeatedly been applied in cases involving a wide variety of civil servants (Matter of *Gould* v. *Looney*, 34 A D 2d 807; *Hussey* v. *Town of Oyster Bay*, 24 A D 2d 570; *Matter of Amkraut* v. *Hults*, 21 A D 2d 260, affd. 15 N Y 2d 627) and Special Term was correct in rejecting the Superintendent's contention that it does not govern in cases involving members of the State Police. It is undisputed that the Civil Service Law is applicable in general to the State Police, and any exception to coverage would require a clear legislative declaration to that effect. Nor can the Superintendent rely upon internal rules purportedly dealing with departmental discipline when such rules fly in the face of the unambiguous provisions of subdivision 3 of section 75. Judgment affirmed, with costs. Greenblott, J. P., Cooke, Sweeney, Main and Reynolds, JJ., concur.