■ REED LOWREY, JR., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 62519.)—Appeal from an order of the Court of Claims, entered January 4, 1979, which granted a motion to dismiss the claim. On June 9, 1978, claimant was suspended from his position as a member of the Division of New York State Police pending the preparation and service of disciplinary charges against him. He thereafter filed a resignation on June 19, 1978, effective that same day. When the State refused to pay him for his unused vacation time, claimant filed a claim against the State seeking payment for such time. The Court of Claims dismissed the claim and this appeal ensued. Authorized by the Rules and Regulations of the Department of Civil Service (4 NYCRR 23.1), subdivision (g) of section 5.6 of the New York State Police Regulations provides, in pertinent part, that "at the time of resignation, and provided that notice of such resignation is given to the Superintendent at least two weeks prior to the last day of work, a member shall be compensated in cash for vacation days". The Court of Claims determined that claimant failed to comply with this notice requirement and, thus, he was not entitled to be paid for accrued and unused vacation days. We agree. Claimant contends that since he was suspended on June 9, 1978, it was impossible for him to give notice of his resignation two weeks prior to his last day of work and, therefore, the notice provision should not be enforced. Claimant, however, erroneously equates suspension with removal. It is provided in subdivision 3 of section 75 of the Civil Service Law that pending the hearing and determination of charges of incompetency or misconduct, the officer against whom such charges have been preferred may be suspended without pay for a period not exceeding 30 days. This provision is applicable in cases involving members of the State Police *(Matter of Sabatini v Kirwan,* 42 AD2d 1004). The fact that claimant was suspended on June 9, 1978 did not necessarily require that said date would be his last day of work. Consequently, we are of the view that claimant was precluded from receiving payment for his unused vacation time due to his failure to comply with subdivision (g) of section 5.6 of the New York State Police Regulations. The order, therefore, must be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Casey and Herlihy, JJ., concur.