OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Although petitioner, a State trooper, is a member of the Policemen’s and Firemen’s Retirement System described in article 8 of the Retirement and Social Security Law (Retirement and Social Security Law, § 302, subd 11, par a), it is readily apparent from the language of the statute that the special provisions of subdivision c of section 402 contained within that article, are not available to him. Ordinarily, under subdivision c of section 402, a member of the retirement system who has retired as a result of a disability becomes entitled to be restored to active service when he is found to be medically fit for duty after an examination conducted by the medical board affiliated with the retirement system. Upon a finding of fitness, according to the statute, "the comptroller shall * * * certify the name of [the retiree] to the state civil service department or appropriate civil service commission” and "[t]he state civil service commission or [the appropriate] municipal commission shall place the name of such [retiree], as a preferred eligible, on the appropriate eligible lists prepared for it for positions for which such [retiree] is stated to be qualified” (Retirement and Social Security Law, § 402, subd c).
 

 In the case of a State trooper, however, the "eligible lists” are prepared and the rehiring decisions are made not by a State or municipal civil service department, but rather by the Superintendent of State Police pursuant to the special powers conferred upon him by subdivision 3 of section 215 of the Executive Law (see, also,
 
 Matter of Shedlock v Connelie,
 
 48 NY2d 943; Executive Law, § 227, subd 2). Since the language of subdivision c of section 402 of the Retirement and Social Security Law mandates only that a
 
 civil service department
 
 act upon the direction of the Comptroller, we conclude, in the absence of any indications to the contrary, that the Legislature did not intend the Superintendent of State Police to be
 
 *861
 
 bound by the medical determinations of the retirement system’s medical board. Accordingly, in the present case, the superintendent was free to conclude that petitioner was not medically fit to return to active service, notwithstanding the contrary finding of the medical board.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed, with costs, in a memorandum.