■ In the Matter of HAROLD J. WRIGHT, Appellant, v WILLIAM G. CONNELIE, as Superintendent of the Division of New York State Police, et al., Respondents. In the Matter of EDWARD L. FORD, Appellant, v WILLIAM G. CONNELIE, as Superintendent of the Division of New York State Police, et al., Respondents. — Appeals from two judgments of the Supreme Court at Special Term (Conway, J.), entered June 3, 1983 in Albany County, which dismissed petitioners' applications, in proceedings pursuant to CPLR article 78, to compel their appointment to the rank of captain in the Division of New York State Police. ¶ Petitioners are permanent lieutenants in the Division of New York State Police. They seek (1) promotion to the rank of captain, (2) rescission of respondent's designation of two other candidates to such positions, and (3) an order requiring respondents to issue criteria for noncompetitive promotions. We concur with Special Term's dismissal of the petitions. ¶ Petitioners seek relief in the nature of mandamus. This is a drastic remedy resting in the sound discretion of the court. The authority to appoint members of the New York State Police is vested in respondent pursuant to section 215 of the Executive Law. The State Police is to be composed of not less than nine troops, each of which shall have not less than seven lieutenants. Three of such lieutenants shall be designated captains by respondent (Executive Law, § 215, subd 1, par [b], cl [2]). Respondent is empowered to make rules and regulations subject to approval by the Governor for the discipline and control of the New York State Police (Executive Law, § 215, subd 3). In conformity with this authority, regulations of the Division of State Police provide for appointment from among members holding permanent rank as lieutenants (Division of State Police Regulations, art 11). ¶ The broad grant of authority vested by the Legislature in respondent to administer and operate the State Police has been uniformly upheld by judicial precedent (*Matter of Sauer v Carey*, 50 NY2d 858; *Matter of Shedlock v Connelie*, 48 NY2d 943). When considered in light of the unique and delicate service the State Police renders to the public, such grant of

authority is logical and necessary so as to attain effective force management. Respondent should have wide latitude in choosing men for leadership positions whose talents are best suited to assist him in fulfilling his mandate under the law. In any event, any change in such authority must be addressed to the Legislature, rather than to this court. ¶ We find no merit to petitioners' allegations of bias. ¶ Judgments affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.