■ VINCENT BURKE, Appellant, v NEW YORK STATE POLICE et al., Respondents.—Kane, J. Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered September 4, 1984 in Albany County, which, *inter alia,* granted defendants' cross motion for summary judgment and declared that defendants had general authority to create titles of technical lieutenant in excess of the three required by Executive Law § 215 (1) (a) (14).

Plaintiff was appointed to defendant New York State Police on June 19, 1967. In February of 1979, plaintiff took the examination for the position of lieutenant and received a score of 85.807. He was subsequently placed on the lieutenant eligibility list effective June 11, 1979 to June 10, 1981. During the effective dates of the list, defendant Superintendent of State Police made six appointments to the position of technical lieutenant, a noncompetitive position that does not require selection from the lieutenant eligibility list. The list expired before plaintiff received a promotion to the rank of lieutenant.

---

* Another issue was raised in the petition and was resolved in petitioners' favor. That issue is not before us.

The rank of lieutenant is a competitive position requiring all applicants to take an examination before they may be considered for the post. Technical lieutenants, however, who generally fill jobs that require specialized skills, are selected by the Superintendent and require no prior examination.

Plaintiff commenced this action in July of 1982 seeking an order directing defendants to appoint him to the rank of lieutenant or technical lieutenant and restraining defendants from making future technical lieutenant appointments unless made from the lieutenant eligibility list. Plaintiff maintains that the Superintendent acted beyond the scope of his authority by appointing more than the three technical lieutenants provided for by statute (Executive Law § 215 [1] [a] [14]). Further, plaintiff contends that the Superintendent's appointment of six persons to the noncompetitive technical lieutenant post violates NY Constitution, article V, § 6, as well as Civil Service Law § 52 (2), which require positions to be competitive and filled by examination as far as practicable.

Prior to answering, defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) on the grounds that the action was barred by the Statute of Limitations and that plaintiff lacked standing to bring the complaint. Special Term ruled that the Statute of Limitations had run concerning any relief plaintiff may have been entitled to but had not run in regard to a declaration of the alleged continuing illegality on the part of defendants. Special Term also ruled that plaintiff had sufficient standing as a taxpayer to maintain the action. No appeal from this order was pursued.

Defendants answered and maintained, *inter alia,* that the Superintendent had the power to create additional noncompetitive technical lieutenant positions. Subsequently, both plaintiff and defendants moved for summary judgment. Special Term granted defendants' cross motion for summary judgment and declared that the Superintendent had the authority to create additional technical lieutenant positions as he deemed necessary. Plaintiff appeals from that order.

Executive Law § 215 (1) (a) (14) provides for the appointment of: "three technical lieutenants, one of whom shall be appointed to operate, service or maintain aircraft and to be in charge of the detail assigned to operate, service or maintain aircraft, one of whom shall be appointed to be in charge of radio and telephone operations and one of whom shall be the division quartermaster."

Plaintiff contends that because the above subdivision of the

Executive Law provides specifically for *three* technical lieutenants to serve in the State Police, the Superintendent is unauthorized to create any additional technical lieutenant positions without a statutory amendment from the Legislature so providing.

We reject plaintiff's contention. The power to appoint members to the State Police rests with the Superintendent (Executive Law § 215 [3]). In addition to providing for the appointment of three technical lieutenants, Executive Law § 215 (1) (a) (17) provides that the State Police shall include any "additional members as the superintendent may deem necessary for the adequate and proper administration" thereof. The plain meaning of Executive Law § 215 (1) (a) (17) grants the Superintendent the authority to appoint more technical lieutenants than the three statutorily required. The interpretation urged by plaintiff would render Executive Law § 215 (1) (a) (17) meaningless. Moreover, we note that the Superintendent's power to create additional technical lieutenant positions is consistent with the broad grant of authority given to the Superintendent regarding personnel matters *(see, e.g., Matter of Wright v Connelie,* 101 AD2d 902, *appeal dismissed sub nom. Matter of Ford v Connelie,* 63 NY2d 951).

Plaintiff also argues that the noncompetitive classification for technical lieutenants violates NY Constitution, article V, § 6, which requires all civil service promotions to be according to merit, "to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive". This contention, however, again ignores the broad grant of authority given to the Superintendent. The Superintendent has the authority to appoint members of the State Police and to promulgate rules and regulations, subject to the Governor's approval, concerning the examination and qualification of applicants (Executive Law § 215 [3]; Civil Service Law § 42 [1]; *Matter of Shedlock v Connelie,* 66 AD2d 433, *affd* 48 NY2d 943). Pursuant to that authority, the Superintendent has classified technical lieutenants as noncompetitive positions and provided that selection for the position shall be from among members of the State Police that possess the specialized skills required *(see,* New York State Police Administrative Manual §§ 11.1, 11.6 [c]). Civil Service Law § 42 (1) allows noncompetitive classification where a determination has been made that it is "not practicable to ascertain the merit and fitness of applicants by competitive examination". Accordingly, our review distills to whether the Superintendent's determination of impracticability has a rational basis *(see,*

*Matter of Goodfellow v Bahou,* 92 AD2d 1085, *lv denied* 59 NY2d 606; *Matter of Burke v Axelrod,* 90 AD2d 577). A review of the record reveals that the Superintendent's determination was rational. The order must, therefore, be affirmed.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.