■ In the Matter of THOMAS J. WARD, Appellant, v DONALD O. CHESWORTH, as Superintendent of the Division of New York State Police, Respondent.—Casey, J. P. Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered November 7, 1985 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to exhaust an available administrative remedy.

Petitioner objects to the termination of his appointment as Sergeant-Station Commander at the State Police station located in the Town of Malone, Franklin County, and his reassignment to the position of Sergeant, which he had previously held by permanent appointment based upon a competitive examination. Pursuant to the terms of the relevant collective bargaining agreement, petitioner filed a grievance claiming that his reassignment was due to the personal animosity of the Troop Commander. The grievance was denied on the merits at the first three stages of the grievance procedure, and at step 4 the grievance was dismissed on the ground that petitioner failed to comply with the time requirements of the grievance procedure.

Petitioner then commenced this CPLR article 78 proceeding, alleging that his removal from the position of Sergeant-Station Commander without a hearing violated the provisions of Civil Service Law § 75 (1). Special Term granted respondent's motion to dismiss the petition for failure to exhaust adminis-

trative remedies due to petitioner's failure to obtain a review of his grievance on the merits at step 4 of the grievance procedure. This appeal ensued.

Seeking to avoid the exhaustion of remedies doctrine, petitioner argues that the issue presented in this proceeding was not raised by the grievance which he pursued and is not an issue that could be raised in a grievance. The position of Sergeant-Station Commander is classified as noncompetitive in the State Police Administrative Manual, and petitioner contends that because he served more than five years in that position, Civil Service Law § 75 (1) (c) precluded his removal without a hearing. If this statutory provision is applicable, we agree with petitioner that his claim is not barred by the doctrine of exhaustion of remedies, since the thrust of his claim is that respondent acted wholly beyond his grant of power *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57-58).

Respondent contends that as to matters concerning appointment, promotion, reassignment and removal of State Police personnel, the State Civil Service Commission lacks jurisdiction and the provisions of the Civil Service Law are inapplicable. Executive Law § 215 (3) grants to the Superintendent of State Police the exclusive authority of appointment and the power to make rules and regulations for the discipline and control of the State Police. Although this court has recognized the "broad grant of authority given to the Superintendent regarding personnel matters" *(Burke v New York State Police,* 115 AD2d 108, 110, *appeal dismissed* 67 NY2d 870; *see, Matter of Wright v Connelie,* 101 AD2d 902, *appeal dismissed sub nom. Matter of Ford v Connelie,* 63 NY2d 951), we have also applied provisions of the Civil Service Law to State Police personnel matters where the statutory grant of authority to the Superintendent does not indicate a legislative intent to the contrary. Thus, in the *Burke* case we looked to Civil Service Law § 42 (1) for the standard to be applied in reviewing a determination of the Superintendent which classified a position as noncompetitive; and in *Matter of Sabatini v Kirwan* (42 AD2d 1004), we applied Civil Service Law § 75 (3), which provides that an employee charged with misconduct may be suspended without pay for up to 30 days, to a State Police disciplinary matter *(see also, Lowrey v State of New York,* 74 AD2d 957).

Executive Law § 215 (3) provides that "[t]he members of the New York state police shall be appointed by the superintendent and *permanent appointees may be removed by him only*

*after a hearing"* (emphasis supplied). This express provision for a hearing, in our view, indicates the Legislature's intent that the provisions of Civil Service Law § 75 (1), which protect persons in certain positions in the State and local civil service from removal or other disciplinary action without a hearing, are not applicable to State Police personnel *(cf. Matter of Sauer v Carey,* 50 NY2d 858). Rather, petitioner's right to a hearing is governed by Executive Law § 215 (3) and the rules and regulations promulgated pursuant thereto. The relevant regulation is contained in the State Police Manual, which provides:

"11.13 *Reassignment From A Noncompetitive Member Position.* Appointment to a noncompetitive Member position and continuance in such an appointed position shall be at the pleasure of the Superintendent. A Member serving in a noncompetitive Member position who previously served in the Uniformed Force shall be eligible for reassignment to a competitive position of his permanent rank in the Uniformed Force or for reassignment to another noncompetitive Member position.

"If a Member's initial appointment was to a noncompetitive Member position, he may be reduced in rank to a position below that of his initial appointment *only* after a hearing" (emphasis in original).

Pursuant to this regulation, it is clear that an appointment to the position of Sergeant-Station Commander is not a permanent appointment subject to the hearing requirement of Executive Law § 215 (3). Instead, a Sergeant serves as Station Commander at the pleasure of respondent, and reassignment to the position of Sergeant is not discipline under the scheme, but rather, a determination that in respondent's opinion the member is no longer qualified for or no longer belongs in the position of Station Commander *(see, Matter of Petix v Connelie,* 61 AD2d 65, 68-69, *affd* 47 NY2d 457). The grievance procedure provided for in the contract is an appropriate remedy to challenge such a determination *(id.)* and, therefore, petitioner's failure to obtain review on the merits at step 4 of the grievance procedure constitutes a failure to exhaust administrative remedies *(see, Matter of Plummer v Klepak,* 48 NY2d 486; *Matter of Saint Mary's Hosp. v Axelrod,* 108 AD2d 1068, 1070). The judgment dismissing the petition must be affirmed.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.