■ In the Matter of THOMAS J. KOSKEY, Respondent, v JAMES W. McMAHON, as Superintendent of the Division of New York State Police, Appellant, et al., Respondent. [749 NYS2d 585] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered November 30, 2001 in Albany County, which, inter alia, partially granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Superintendent of the State Police denying his request for retroactive compensation for out-of-title work.

In 1982, petitioner began working for the Division of State Police and was assigned to the position of Trooper. In February 1999, the Division posted an announcement for vacancies in positions in the communications section of Division headquarters. Petitioner applied for and was assigned to one of

these positions effective April 29, 1999, but continued to hold the rank of Trooper instead of Technical Sergeant. On April 26, 2000, an individual in the communications section holding the rank of Technical Sergeant retired. Thereafter, petitioner's union filed a grievance on his behalf seeking his immediate appointment to the rank of Technical Sergeant, together with back pay retroactive to April 26, 2000. Through the grievance process, petitioner was promoted to the rank of Technical Sergeant effective November 9, 2000, but his request for retroactive benefits and compensation was denied.

Petitioner commenced this combined CPLR article 78 proceeding/declaratory judgment action challenging the denial, and sought a declaration that the requirement that Technical Sergeants serve probationary periods at lower salary grades is unlawful. In lieu of serving an answer, respondents each moved to dismiss the petition on a number of grounds. Supreme Court partially granted the motion and, inter alia, dismissed the petition against respondent Director of the Governor's Office of Employee Relations, as well as that part of the petition requesting declaratory relief. Following service of an answer by respondent Superintendent of State Police (hereinafter respondent), Supreme Court partially granted the petition by annulling respondent's determination finding that petitioner was not performing out-of-title work from April 29, 1999 through November 8, 2000, and directing that he was entitled to back pay and benefits commensurate with the title of Technical Sergeant from April 26, 2000 through November 8, 2000. Respondent appeals.

Respondent contends that Supreme Court erroneously applied the prohibition against out-of-title work contained in Civil Service Law § 61 (2) to the case at hand inasmuch as that statute is preempted by Executive Law § 215 (3), which respondent asserts exempts the State Police from the application of Civil Service Law § 61 (2) to State Police personnel matters. Initially, we find no merit to petitioner's argument that respondent failed to preserve this claim for review. The essence of the matter before Supreme Court was whether petitioner was entitled to compensation for out-of-title work and the record makes clear that respondent argued the applicability of Executive Law § 215 (3).

Turning to the merits, we find respondent's argument to be unpersuasive. Executive Law § 215 (3) provides, in pertinent part, that respondent "shall make rules and regulations * * * for the discipline and control of the New York state police and for the examination and qualifications of applicants for ap-

pointment as members thereto." While we acknowledge the broad authority vested in respondent with respect to personnel matters (*see e.g. Matter of Ward v Chesworth,* 125 AD2d 912, 913, *lv denied* 69 NY2d 610; *Matter of Wright v Connelie,* 101 AD2d 902, 902), this Court has "applied provisions of the Civil Service Law to State Police personnel matters where the statutory grant of authority to [respondent] does not indicate a legislative intent to the contrary" (*Matter of Ward v Chesworth, supra* at 913; *see Matter of Sabatini v Kirwan,* 42 AD2d 1004). Given the absence of evidence by respondent of the Legislature's intention that Executive Law § 215 (3) preempt Civil Service Law § 61 (2), we find no reason to disturb Supreme Court's judgment.

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.