In the Matter of ZENIA ARVELO et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v FRANK MACCHIAROLA, as Successor to IRVING ANKER, Chancellor of the New York City Board of Education, et al., Respondents.

First Department, June 26, 1980

### APPEARANCES OF COUNSEL

*Richard Weisberg* of counsel *(Laurence H. Pearson* with him on the brief; *David W. Weschler,* attorney), for appellants.

*Paul Henry Janis* of counsel *(James R. Sandner,* attorney), for United Federation of Teachers and another, respondents.

### OPINION OF THE COURT

SILVERMAN, J.

In this CPLR article 78 proceeding, petitioners appeal from an order and judgment of the Supreme Court, at Special Term, which dismissed the petition because of petitioners' failure to exercise their administrative remedy. The administrative remedy referred to is the grievance procedure provided for in the collective bargaining agreement here involved.

Petitioners are paraprofessionals employed in School District No. 4 of the New York City Board of Education (Board). Prior to 1972, petitioners were employed as paraprofessional "family workers" represented by District Council No. 37. There was at that time another title for paraprofessionals,

"educational assistants," who were represented by the United Federation of Teachers (UFT or Union). The paraprofessional family workers apparently worked outside the school while the paraprofessional educational assistants worked in the classrooms. In 1972, because of a reduction of funds in the family worker title and the continued availability of the educational assistant title, the former family worker paraprofessionals became educational assistants, and as such, were represented by the UFT. Both classes of paraprofessionals are thus now educational assistants represented by the UFT.

The present dispute relates to relative seniority for purposes of layoff as between the paraprofessionals, who, prior to 1972, were family workers, and those who prior thereto were educational assistants. The collective bargaining agreement provides: "Seniority shall be defined as length of service as a para-professional employee in the bargaining unit in the district." It is the position of petitioners that their seniority should include their services as family workers.

The seniority rights of the employees are defined and created by the collective bargaining agreement between the UFT and the Board.

That agreement also provides that employees' complaints shall be presented as a grievance with four steps: Step 1 with the head of the school as Board representative, Step 2 with the community or assistant community superintendent as the Board representative, Step 3 an appeal to the chancellor. If a satisfactory resolution is not reached in these steps, the *employee* may appeal the grievance to Step 4, a grievance panel composed of one representative of the Board, one representative of the Union, and one other person selected by mutual agreement by the Board and the Union, with a provision that: "With respect to grievances which involve the application or interpretation of the provisions of this Agreement the decision of the Grievance Panel, if made in accordance with its jurisdiction and authority under this Agreement, will be accepted as final by the parties to the dispute".

It is thus apparent that the very agreement that gives rise to the claimed seniority rights also requires that the dispute be resolved by grievance procedure as between the Board and the UFT.

■ The agreement plainly contemplates that the question of seniority shall be determined by internal grievance procedure, ultimately essentially internal arbitration by representatives

of the Board and the Union, with all the flexibility that is available in arbitration. Petitioners are not entitled to avoid that requirement and substitute for it a court interpretation of the contract.

■ We do not agree with petitioners' contention that they need not go through the grievance procedure specified in the collective bargaining agreement because they think that that would be futile. It is true that in a related case in which the petitioners were not parties, in which the case went to Step 3 of the grievance procedure, the *chancellor,* through his representative, made a *ruling contrary to petitioners' present contention.* This is no more a reason for not following the grievance procedure required by the contract than if a Judge had ruled contrary to a petitioner's position on a previous occasion. Further we note, though not as a controlling circumstance, that the chancellor who made the previous ruling is no longer the chancellor of the Board so that the new chancellor would at least not be constrained by any personal psychological commitments to the earlier determination.

Again, even assuming that the chancellor would make the same ruling if petitioners pursued the grievance procedure, Step 4 would still be available. We note that unlike the situation in *Rieder v State Univ. of N. Y.* (39 NY2d 845) petitioners have the right to prosecute Step 4 themselves and need not rely upon the Union, which has apparently taken a position contrary to petitioners' present contention.

■ Nor are petitioners excused from Step 4 because the Step 4 panel is composed of representatives of the *Board* and of the Union. "The view that an arbitrator chosen by a party is merely that party's agent and will act in a partial manner * * * may not be accepted." *(Matter of Lipschutz [Gutwirth],* 304 NY 58, 64.) The method of choosing the panel of arbitrators specified in the contract is not to be disregarded in the absence of a real probability that injustice would result, even though the method specified in the contract is not the one the parties might have chosen had they foreseen the particular dispute, or the particular alignment of the parties *(Matter of Lipschutz [Gutwirth], supra).*

In fact we think that the fear of partiality on the part of the grievance panel or the officers involved in the other steps of the grievance procedure is at most highly speculative. It can make no difference to the Board whether service before 1972 as a family worker is or is not counted towards seniority

for purposes of layoff. And as to the Union, the dispute is an internecine one between two groups of employees, all members of the Union for at least the past eight years.

The order and judgment (one paper) of the Supreme Court, New York County (H. SCHWARTZ, J.), dated March 9, 1979, dismissing a CPLR article 78 petition, should be affirmed, without costs.

FEIN, J. P., SULLIVAN and CARRO, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on or about March 9, 1979, affirmed, without costs and without disbursements.