■ In the Matter of EARTHLEY TAYLOR, Appellant, v ALFRED J. LIBOUS, as Mayor of the City of Binghamton, et al., Respondents. — Appeals (1) from a judgment of the Supreme Court at Special Term (Fisher, J.), entered February 18, 1981 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* return him to his former position of motor equipment operator for respondent City of Binghamton, and (2) from an order of said court, entered October 15, 1981 in Broome County, which denied petitioner's motion to renew said application. On July 24, 1979, petitioner, a truck driver employed by the City of Binghamton, was involved in an altercation with a co-worker during regular work hours. As a result, petitioner was arrested on a charge of disorderly conduct. Petitioner subsequently pleaded guilty to this charge and received a conditional discharge. Consequently, on August 1, 1979, petitioner received a letter from respondent Public Works Commissioner of Binghamton informing him that he was discharged from his job with the City of Binghamton due to his conduct, with the dismissal "to take effect according to your rights under the Local 826 contract". Thereafter, the president of Local 826 sent a letter to respondents' attorney requesting that petitioner's dismissal be taken to Step No. 3 of the grievance procedure contained in the collective bargaining agreement. Respondents answered with a letter stating that petitioner's guilty plea took the dismissal outside the collective bargaining agreement grievance procedure. On October 4, 1979, petitioner received a letter from respondent Mayor of Binghamton informing him that his employment would be terminated as of *October 12, 1979.* Petitioner then requested, by letter dated *March 28, 1980,* that the city follow the procedures of the collective bargaining agreement or indicate that he could proceed under section 75 of the Civil Service Law. Respondents advised petitioner that section 75 of the Civil Service Law was not applicable since his dismissal was effectuated under the collective bargaining agreement. Respondents further noted that no timely grievance had been filed. On July 9, 1980, petitioner commenced the instant proceeding in which he seeks restoration of lost wages and reinstatement, or a direction that the city conduct a hearing pursuant to section 75 of the Civil Service Law. Special Term dismissed the petition and subsequently denied petitioner's motion for leave to renew. These appeals ensued. The judgment and order of Special Term must be affirmed. Here, the subject collective bargaining agreement includes a grievance procedure which affords the grievant both notice and the opportunity to be heard. Petitioner, however, failed to pursue his rights in accordance with that grievance procedure. Accordingly, as petitioner failed to exhaust his administrative remedies, this article 78 proceeding was properly dismissed (*Matter of Plummer v Klepak,* 48 NY2d 486, cert den 445 US 952; *Merante v Burns,* 47 AD2d 671). We note in conclusion that respondents' assertion that petitioner's guilty plea took the matter outside of the collective bargaining agreement did not deprive petitioner of the opportunity to contest that assertion by filing a grievance. Indeed, a dispute concerning the interpretation of the collective bargaining agreement is a proper subject of arbitration under the procedures established in the contract. Judgment and order affirmed, with costs. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.