■ In the Matter of VILMA MOTTIRONI, Appellant, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Connor, J.), entered September 18, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to reinstate her to the position of Research Physician I.

Petitioner was a research physician employed by the Department of Health when, on September 10, 1985, she was notified that her position, Research Physician I (Immunology), was to be abolished for budgetary reasons effective October 1, 1985. Petitioner was advised of her right to "retreat" to the position of Research Physician III, but she declined. Petitioner instituted a grievance proceeding pursuant to the collective bargaining agreement, alleging that the Department violated the agreement by "disciplining [her] by abolishing her position as retaliation for her exercising her legal rights". It appears that in 1983 the Department had abolished petitioner's Research Physician I position and she retreated to the position of Research Physician III. Petitioner's lawsuit challenging such action was unsuccessful. Ultimately, in 1984, petitioner was restored to her previous title of Research Physician I. Petitioner took the position that the abolition of her position in October 1985 was in retaliation for her actions in challenging the 1983 abolition of her previous position.

Petitioner pursued the grievance through step two of the grievance procedure, after which the grievance was denied. The remaining steps of the grievance procedure were not pursued before the instant CPLR article 78 proceeding was commenced. In this proceeding, petitioner claims, as she did in her grievance, that her position was abolished in retaliation for the prior litigation. Supreme Court dismissed the proceeding and this appeal by petitioner ensued.

The proceeding was properly dismissed. It is petitioner's position that the Department's action was disciplinary in nature. To the extent that petitioner seeks relief pursuant to Civil Service Law § 75, the provisions of that statute were

made inapplicable by the collective bargaining agreement which substituted its own grievance procedure *(see, Matter of Apuzzo v County of Ulster,* 98 AD2d 869, 871, *affd* 62 NY2d 960). To the extent that the proceeding is an attempt to seek judicial review of a claimed violation of the collective bargaining agreement, it is premature inasmuch as petitioner has failed to exhaust her remedies under such agreement.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.