SECOND DEPARTMENT, MAY, 1988

(May 2, 1988)

■ ROBERT CARLEN, Appellant, v DAVID HARRIS, as Commissioner of the Suffolk County Department of Health Services, et al., Respondents.

The petitioner, a licensed physician, is employed by the Suffolk County Department of Health (hereinafter the Department) to provide health care for the inmates at the correctional facility at Yaphank, New York. The respondents are the Commissioner of the Suffolk County Department of Health and two physicians who are the petitioner's supervisors.

In early December 1986 the petitioner commenced the instant proceeding pursuant to CPLR 7803 (2), to prohibit the respondents from interfering with his "professional judgment * * * and performance of his professional duties". The petition set forth several instances where the respondents had allegedly interfered with the petitioner's professional judgment and treatment of his patients.

In their motion to dismiss the petition, the respondents argued that (1) the petition failed to state a claim upon which relief could be founded and (2) the petitioner had failed to exhaust his administrative remedies under a collective bargaining agreement between Suffolk County and the petitioner's collective bargaining unit, i.e., the Suffolk County Association of Municipal Employees, Inc. (hereinafter the Association).

The Supreme Court, Suffolk County, dismissed the petition on the ground that petitioner failed to exhaust his administrative remedies.

With respect to the issue of exhaustion of administrative remedies, both the respondents and the Supreme Court, Suffolk County, relied on the fact that the petitioner had failed to utilize the grievance and arbitration procedures contained in the collective bargaining agreement. Pursuant to section 3 of the collective bargaining agreement, the county retained, without limitation, certain rights of management including, *inter alia,* the right "to delegate * * * the manner of the performance" of its employees' duties. However, section 3 of the collective bargaining agreement specifically provided that this right was "not subject to grievance procedures or arbitration". Therefore, the petitioner's failure to utilize those grievance and arbitration procedures does not bar judicial review.

Nevertheless, the respondents also argue that on November 17, 1986, less than one month prior to the commencement of the instant proceeding, the petitioner received a verbal reprimand from the respondents concerning virtually all of the areas of dispute between the parties herein, as alleged in the petition. This verbal reprimand is the first step in the Progressive Discipline System which is provided for in section 15 of

the collective bargaining agreement. Pursuant to section 15 of the collective bargaining agreement, the Association has "the right to appeal any discipline imposed by * * * use of the discipline system to the Director of Personnel and Labor Relations". Since the petitioner has failed to utilize this procedure, the instant proceeding was properly dismissed for failure to exhaust administrative remedies (see, Melton v Town of Islip, 78 AD2d 540).

Over and above this flaw in the proceeding, we are of the view that the petition fails to state a cause of action. The respondents clearly had the authority to direct the manner in which the petitioner performed his duties. The petition and the papers submitted by the petitioner in response to the respondents' motion to dismiss fail to demonstrate that the respondents exceeded their authority in any way and is therefore insufficient as a matter of law (see, McGraw v Shapiro, 56 AD2d 624). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.