■ In the Matter of GEORGE CANTRES, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered October 30, 1987, which annulled a determination of respondent-appellant Board of Education (the Board), terminating the employment of petitioner-respondent George Cantres (respondent), and directed that respondent be permitted to pursue remedies under Civil Service Law § 75 and the applicable collective bargaining agreement, unanimously reversed, on the law, the Board's determination reinstated, and the petition dismissed, without costs.

Respondent George Cantres, a school safety officer assigned to the Louis D. Brandeis High School in Manhattan, was suspended by the Board effective May 7, 1986, following a preliminary investigation precipitated by a complaint of sexual harassment and abusive language toward female students. By notice of charges and specifications dated May 20, 1986, respondent was formally charged with "engaging in undue fraternization with students" and "us[ing] abusive language towards female students" in violation of the Board's "Manual of Rules and Procedures for School Safety Personnel".

At a hearing held on May 29, 1986, pursuant to step I of the collective bargaining agreement between the Board and respondent's union, a female Brandeis student testified to various incidents in which respondent and other school safety officers had made sexual advances and used lewd and abusive language toward her and other female students. The student had prepared, at or about the time of occurrance, a written statement describing various incidents of sexual and verbal harassment, which was read into evidence prior to her testimony at the hearing.

When given an opportunity at the outset of the hearing to respond to the charges and specifications, respondent simply stated that he had "no first hand knowledge of the violations". His representative cross-examined the student, and argued that the charges were fabricated in order to retaliate against the school safety officers for admonishing students when they

cut classes or committed other school infractions. Respondent's defense also included the submission of four statements, two from school staff members and two from students, attesting that he had attended a sporting event in the school gymnasium during the time that one of the incidents was said to have occurred.

On June 5, 1986, the Hearing Officer issued his written opinion crediting the student's testimony and determining that it tended to "negate and outweigh Respondent's denial of the charges and plea of innocence". The Hearing Officer concluded that the charges were of a serious nature, that they had been substantiated by the evidence presented, and that the appropriate sanction was the termination of respondent's employment.

Following the issuance of the step I decision, respondent exercised his right under the collective bargaining agreement to appeal to the director of school safety for a step II hearing. Scheduled for July 1, 1986, this hearing resulted in a disposition of "appeal denied" when respondent failed to appear.

The collective bargaining agreement provided further avenues of appeal under a step III and, if needed, a step IV process. Rather than exhaust these administrative remedies, however, respondent commenced the within CPLR article 78 proceeding on October 2, 1986. Special Term annulled the Board's determination dismissing respondent and directed that he be permitted to seek relief under Civil Service Law § 75 and the collective bargaining agreement. We reverse.

It is well established that an aggrieved union member whose employment is subject to the terms of a collective bargaining agreement entered into by his union and employer must first avail himself of the grievance procedure set forth in the agreement before he can commence an action in court. *(Matter of Plummer v Klepak,* 48 NY2d 486, *cert denied* 445 US 952; *see also, Matter of Taylor v Libous,* 87 AD2d 947.) Having failed to so exhaust administrative remedies, respondent's article 78 proceeding should have been dismissed. *(Matter of Arvelo v Macchiarola,* 75 AD2d 333.)

It is further well settled that "a contract provision in a collective bargaining agreement may modify, supplement, or replace the more traditional forms of protection afforded public employees, for example, those in sections 75 and 76 of the Civil Service Law" *(Dye v New York City Tr. Auth.,* 88 AD2d 899, *affd* 57 NY2d 917; Civil Service Law § 76 [4]).

Here, the collective bargaining agreement which governed

the terms of respondent's employment provided a four-step "Formal Grievance Procedure". Although respondent participated in the step I hearing and subsequently requested a step II hearing, he failed to appear at the second hearing and never requested that the union initiate a step III appeal. Thus, respondent failed to exhaust his administrative remedies, and it was error for Special Term to have entertained his application pursuant to CPLR article 78.

Accordingly, the order appealed from is reversed, the determination of the Board of Education reinstated, and the petition dismissed, without costs. Concur—Sullivan, J. P., Kassal, Rosenberger and Wallach, JJ.