■ In the Matter of ONEIDA COUNTY DEPUTY SHERIFF'S BENEVOLENT ASSOCIATION et al., Appellants, v WILLIAM A. HASENAUER, as Sheriff of Oneida County, et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: In violation of the collective bargaining agreement between the Sheriff of Oneida County and the Oneida County Deputy Sheriff's Benevolent Association, the Sheriff terminated the services of petitioner, a Deputy Sheriff, without cause. The collective bargaining agreement provided that, after three years of satisfactory service, "all civil deputies shall be accorded the same rights and privileges that competitive class employees receive under section 75 of the Civil Service Law as it relates to removal and suspension", and that "no employee shall be subjected to disciplinary action or discharged without just cause." Petitioner had completed three years of satisfactory service.

Petitioner brought this CPLR article 78 proceeding to annul the action of the Sheriff in terminating his services. Special Term, citing *Matter of Sirles v Cordary* (49 AD2d 330, 334-335, *affd* 40 NY2d 950), dismissed the petition on the ground that "a Sheriff is not 'properly subjected to a contractual provision whereby his power to terminate the employment of the * * * deputies performing civil functions is limited.' " The reason for this rule is that the Sheriff is personally responsible for the actions of his civil Deputies. An exception to the rule exists where, by legislative enactment, the county has assumed liability for those Deputies *(McMahon v Michaelian*, 38 AD2d 60, *affd* 30 NY2d 507). Here, by Local Laws, 1973, No. 1, the county assumed the liability for the acts or omissions "of

any employee of the county in the office of the sheriff, done or made in the performance of an official duty or for the performance of which the county is paid or receives compensation or fee". Special Term held that this assumption of liability applies only to county employees, and not to civil Deputy Sheriffs, who are employees of the Sheriff. We disagree. This is the same provision contained in the local law referred to in *McMahon v Michaelian (supra,* at 64) where the court stated: "This code provision clearly places the appointees of the Sheriff in the service of the county."

We agree, however, with the determination of Special Term that the petition must be dismissed because of the failure of petitioner to exhaust his administrative remedies. As respondents point out, a new collective bargaining agreement has been entered into and the grievance procedure in the agreement covers the dispute in issue in this proceeding. Petitioner has failed to show that he has sought relief under the grievance procedure. (Appeal from judgment of Supreme Court, Oneida County, Lynch, J.—art 78.) Present—Denman, J. P., Boomer, Lawton and Davis, JJ.