■ In the Matter of JOSEPH ALMO et al., Petitioners, v GAIL SHAFFER, as Secretary of State of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Secretary of State of the State of New York, dated May 19, 1987, which, after a hearing, found that the petitioners had demonstrated untrustworthiness within the meaning of Real Property Law § 441-c and had violated 19 NYCRR 175.7, and suspended the petitioners' real estate brokers' licenses for three months and, thereafter, until such time as they pay compensation in the amount of $450 to the injured consumer.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

We find that the Secretary of State's determination that the petitioners had demonstrated untrustworthiness and incompetency within the meaning of Real Property Law § 441-c and 19 NYCRR 175.7 is supported by substantial evidence *(see,* CPLR 7803 [4]).

It is well established that an agency's determination of fact will be upheld if supported by substantial evidence on the record, even if the record contains evidence to support a contrary conclusion *(see, Matter of Rivera [State Line Delivery Serv.—Roberts],* 69 NY2d 679, *cert denied* 481 US 1049; *Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979; *Matter of Pfeffer v Parkside Caterers,* 42 NY2d 59; *Matter of Pell v Board of Educ.,* 34 NY2d 222). In the instant case, the evidence showed a violation of 19 NYCRR 175.7 which requires that real estate brokers clearly state for which party they are acting. The injured consumer testified he thought the petitioner Omega Consultants, Ltd. was a lender and was not advised that it was, in fact, a broker. We note that neither the petitioner Omega Consultants, Ltd. nor the petitioner Joseph Almo offered any evidence to refute that assertion.

Further, the evidence supported the finding that the petitioners violated Real Property Law former § 440 in effect at the time, which required that persons negotiating for a loan to be secured by a mortgage be *licensed* real estate brokers. The evidence showed that the petitioner Joseph Almo had in his employ eight unlicensed persons performing the function of

real estate brokers. Under the facts adduced at the hearing, we conclude that the administrative determination was properly made in all respects.

Finally, the penalty of the three-month suspension of the real estate licenses of the petitioners and the requirement that they reimburse the injured consumer for the $450 wrongfully extracted from him is not so disproportionate to the offenses as to be shocking to one's sense of fairness and will not be disturbed (see, Schaubaum v Blum, 49 NY2d 375; Matter of Purdy v Kreisberg, 47 NY2d 354; Matter of Pell v Board of Educ., supra). Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.