■ In the Matter of GREGORY DOMBROSKI et al., Appellants, v WILLIAM BLOOM, as Deputy Chief of the Newburgh Police Department, et al., Respondents.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Lange, J.), entered December 12, 1989 in Orange County, which, in a proceeding pursuant to CPLR article 78, granted respondents'

motion to dismiss the petition for failure to exhaust administrative remedies.

The petition in this CPLR article 78 proceeding alleges that petitioner Gregory Dombroski is a police officer in the Police Department of respondent City of Newburgh in Orange County and, for more than three continuous years prior to January 12, 1989, was assigned to the Identification Division of that department with a rank of Detective. It is further alleged that on January 12, 1989, petitioner was summarily deprived of his rank of Detective when he was transferred to a patrol squad and another officer was assigned to his former position. Petitioners claim that Dombroski's demotion without a hearing violated Civil Service Law § 75 (1) (e), under which a hearing on stated charges of misconduct or incompetency is required before removal of or other disciplinary penalty is imposed upon a police officer "holding the position of detective for a period of three continuous years or more * * * [except] when reduction in rank from said position is based solely on reasons of the economy, consolidation or abolition of functions, curtailment of activities or otherwise".

Respondents moved to dismiss the petition on the ground that, by neglecting to invoke the grievance/arbitration procedures in the collective bargaining agreement between the City and petitioner Patrolmen's Benevolent Association of Newburgh, New York, Inc., petitioners failed to exhaust their administrative remedies and are thereby precluded from seeking judicial relief. Supreme Court granted the motion and this appeal ensued.

We reverse. The allegations of the demotion of Dombroski from the rank of Detective without a hearing, as set forth in the petition, stated a cause of action based upon a violation of Civil Service Law § 75 (see, Matter of Borrell v County of Genesee, 73 AD2d 386, 390-391). The grievance/arbitration provisions of the collective bargaining agreement contained in its article XVII are couched in general terms to apply to "any claimed violation, misinterpretation or inequitable application of existing laws, rules, procedures, regulations, or work rules". Article XVII also provides that the completion of the multi-step grievance procedures by the rendering of an arbitrator's decision "shall be accepted as final by the parties".

The contract language of article XVII is broad enough to cover the dispute involved here had petitioners elected to initiate a grievance. However, the contract also specifically addresses the issue of disciplinary action, stating in article

XIV that such action "shall follow within the provisions of Article V, Title B [§§ 75-77] of the New York State Civil Service Law", and that "[a]ll hearings under this provision shall be conducted under the authority and procedures established under section 75 of the Civil Service Law". Moreover, the "Bill of Rights" set forth in article XX (para H) of the agreement provides that "[a]ny disciplinary action taken against an employee * * * shall be subject to review under Section 75 of the Civil Service Law and the provisions of this contract establishing the proceeding to be followed under that Section".

It appears clear from the foregoing provisions that the grievance/arbitration procedures of the collective bargaining agreement were not intended to supersede a police officer's statutory right to a hearing under Civil Service Law § 75. This distinguishes the instant case from those cases holding that, because the union contract expressly applied the grievance procedures therein to disciplinary matters, a sanctioned employee could not resort to judicial remedies before completion of the grievance process (see, e.g., Matter of Stoker v Tarentino, 64 NY2d 994; Matter of Marin v Benson, 131 AD2d 100). Likewise, in this proceeding, Dombroski is not asserting that his demotion violated the terms of the collective bargaining agreement and is not seeking judicial resolution of a dispute over the meaning of any of its provisions. This renders inapplicable the cases holding that, in such instances, the contract grievance procedures must first be exhausted (see, Matter of Plummer v Klepak, 48 NY2d 486, 489-490, cert denied 445 US 952; Matter of Mottironi v Axelrod, 133 AD2d 948, 949, lv denied 70 NY2d 615; Matter of Taylor v Libous, 87 AD2d 947). Rather, Dombroski is seeking here to vindicate a statutory right under Civil Service Law § 75 which was expressly preserved in the collective bargaining agreement. It follows from the foregoing that the agreement left him with the alternative options of pursuing his statutory remedy under Civil Service Law § 75 or utilizing the contract's grievance machinery (see, Matter of Board of Educ. v Ambach, 70 NY2d 501, 511-512, cert denied 485 US 1034; see also, Matter of Kavoukian v Bethlehem Cent. School Dist., 70 AD2d 1026; Matter of Kavoukian v Bethlehem Cent. School Dist., 63 AD2d 767). Hence, he was not obliged to resort to his remedies under the grievance procedure of the contract before seeking judicial enforcement of his statutory rights (see, supra; see also, Carlen v Harris, 140 AD2d 288, 289, lv denied 73 NY2d 709).

Judgment reversed, on the law, with costs, and motion

denied.. Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.

Casey, J. P., dissents and votes to affirm in a memorandum. Casey, J. P. (dissenting). I would affirm the judgment of Supreme Court dismissing the petition. The majority concludes that petitioner Gregory Dombroski had the option "of pursuing his statutory remedy under Civil Service Law § 75 *or* utilizing the contract's grievance machinery" (emphasis in original). Civil Service Law § 75 contains substantive and procedural provisions which govern removal and other disciplinary action *at the administrative level.* Although Civil Service Law § 75 apparently serves as the legal basis or theory for Dombroski's claim that respondents' determination was made in violation of lawful procedure and was arbitrary and capricious, the *remedy* Dombroski has chosen as the means for asserting that claim and seeking to annul the determination is a special proceeding pursuant to CPLR article 78 *(see,* CPLR 7801, 7803 [3]; *Matter of Borrell v County of Genesee,* 73 AD2d 386). Having chosen to seek relief pursuant to CPLR article 78, Dombroski is bound by the relevant provisions governing that remedy, including the provision that precludes a challenge to a determination "which is not final or can be adequately reviewed by appeal to a court or to some other body or officer" (CPLR 7801 [1]).

As the majority concedes, the relief sought by Dombroski in this article 78 proceeding could have been obtained by way of the grievance procedure, and the courts of this State have consistently and uniformly held that, pursuant to the doctrine of exhaustion of administrative remedies, a petitioner who fails to pursue the grievance procedures provided for in the collective bargaining agreement is barred from maintaining an article 78 proceeding seeking relief which could have been obtained in the grievance process *(Matter of Plummer v Klepak,* 48 NY2d 486, 489, *cert denied* 445 US 952; *Matter of Oneida County Deputy Sheriff's Benevolent Assn. v Hasenauer,* 145 AD2d 984, 985; *Matter of Cantres v Board of Educ.,* 145 AD2d 359, 360; *Carlen v Harris,* 140 AD2d 288, 290, *lv denied* 73 NY2d 709; *Matter of Brown v Casier,* 95 AD2d 574, 576). We have applied this rule in cases where the petitioners failed to initiate the available grievance process *(see, Matter of Brown v Casier, supra; Matter of Taylor v Libous,* 87 AD2d 947), and in those cases where the petitioners abandoned the grievance procedure prior to its completion *(see, Matter of Mottironi v Axelrod,* 133 AD2d 948, *lv denied* 70 NY2d 615; *Matter of Ward v Chesworth,* 125 AD2d 912, 914, *lv denied* 69

NY2d 610), including the failure to proceed timely to the final step of arbitration *(see, Matter of Trainosky v New York State Dept. of Taxation & Fin.,* 105 AD2d 525, 526).

Since the exhaustion rule is not an inflexible one, the courts have recognized that the rule need not be followed "when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power * * * or when resort to an administrative remedy would be futile * * * or when its pursuit would cause irreparable injury" *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57 [citations omitted]). Dombroski does not claim that his transfer was unconstitutional or wholly beyond respondents' grant of power. Nor is there any claim that pursuit of the grievance procedure would have been futile or would have caused irreparable injury. Rather, Dombroski claims that his transfer effectively resulted in a demotion from the Detective position in violation of the procedural requirements of Civil Service Law § 75 (1) (e). If the claimed violation of the Civil Service Law raised an issue concerning the scope of respondents' authority which was not grievable under the collective bargaining agreement, this proceeding would not be barred *(see, Matter of Ward v Chesworth, supra,* at 913), but the grievance procedure herein expressly applies to "any claimed violation, misinterpretation or inequitable application of existing laws". Since Dombroski failed to pursue an available administrative remedy, and since none of the recognized exceptions to the exhaustion rule is applicable here, Supreme Court correctly held that this CPLR article 78 proceeding is barred by the doctrine of exhaustion of administrative remedies. I see neither any legal basis nor any practical need to create a new exception to the exhaustion rule merely because Dombroski seeks to vindicate a right created by statute, rather than one created by the collective bargaining agreement, particularly since the collective bargaining agreement specifically authorizes the vindication of a statutory right through the grievance procedure.