■ In the Matter of ROBERT CARLEN, Petitioner, v DAVID HARRIS, Respondent. [608 NYS2d 851] —Proceeding pursuant to CPLR article 78 to review a determination of the Commis-

sioner of the Suffolk County Department of Health Services, dated February 13, 1990, which, after a hearing, found the petitioner guilty of misconduct and/or incompetence and terminated his employment as a physician with the Suffolk County Department of Health Services.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

It is well established that judicial review pursuant to CPLR article 78 of an administrative determination is limited, and a factual determination will be upheld if it is supported by substantial evidence, even if the record contains evidence to support a contrary conclusion (see, Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, cert denied 481 US 1049; Matter of Silberfarb v Board of Coop. Educ. Servs., 60 NY2d 979; Matter of Fazio v Joy, 58 NY2d 674; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Breger v Macri, 34 NY2d 727; Matter of Colton v Berman, 21 NY2d 322; Matter of Richcar Tavern v New York State Liq. Auth., 160 AD2d 881; Matter of Almo v Shaffer, 149 AD2d 417). Issues of credibility are for the administrative agency to determine (see, Matter of Belnord Holding Corp. v Joy, 73 AD2d 549, affd 52 NY2d 945).

Each of the charges and specifications levied against the petitioner was amply supported by substantial evidence adduced and there is no support for the petitioner's speculative claims that he was being punished for bringing a previous proceeding pursuant to CPLR article 78 challenging the respondent's authority to direct the manner in which he provided treatment to County patients. In this regard, we note that we previously determined, as a matter of law, that the respondent had the authority to direct the manner in which the petitioner performed his duties, and that the petitioner's arguments set forth in the instant proceeding virtually mirror those propounded and rejected earlier (see, Carlen v Harris, 140 AD2d 288). Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.