[711 NYS2d 464]

In the Matter of STEPHEN J. GAMMA et al., Respondents, v WILLIAM BLOOM, as Chief of Police of the City of Newburgh, et al., Appellants.

Second Department, July 17, 2000

---

APPEARANCES OF COUNSEL

*Hitsman, Hoffman & O'Reilly,* Elmsford (*Doug E. Solomon* of counsel), for appellants.

*Harold, Salant, Strassfield & Spielberg,* White Plains (*Jerold Rotbard* of counsel), for respondents.

**OPINION OF THE COURT**

RITTER, J. P.

We are asked to determine whether the appellants, William Bloom, the Chief of Police of the City of Newburgh, and the City of Newburgh, improperly terminated the petitioner Stephen J. Gamma's General Municipal Law § 207-c disability benefits prior to a hearing comporting with due process. We decline to make such a determination and hold that the issues raised herein are to be determined first at arbitration, as mandated by the parties' collective bargaining agreement.

In June of 1996, the petitioner Stephen J. Gamma suffered an injury to his back while in the line of duty as a police officer for the respondent City of Newburgh. He was thereafter awarded disability benefits pursuant to General Municipal Law § 207-c. In June of 1997, after being examined by a doctor designated by the respondents and found fit to perform light police duty, Gamma was ordered to report for light duty on June 20, 1997 (*see,* General Municipal Law § 207-c [1]). Although Gamma reported as directed, he left work before the completion of his first shift, complaining, *inter alia,* of pain and fatigue. Gamma, asserting that he remained disabled by his line-of-duty injury, did not return to work prior to the commencement of this proceeding. Consequently, the respondents terminated Gamma's General Municipal Law § 207-c benefits as of June 21, 1997 (*see, Matter of Curley v Dilworth,* 96 AD2d 903). On October 22, 1997, Gamma's General Municipal Law § 207-c benefits were restored. Thus, the period at issue in this proceeding is limited to June 21, 1997 through October 22, 1997.

In September of 1997, Gamma and the Patrolmen's Benevolent Association of Newburgh, New York, Inc. commenced this proceeding pursuant to CPLR article 78 seeking, *inter alia,* to review the determination that Gamma was fit for light duty, restore his General Municipal Law § 207-c benefits, and restore the sick leave days he had expended to remain on the payroll during the period in question. The petitioners argued, *inter alia,* that the respondents improperly terminated Gamma's benefits before affording him a hearing comporting with due process. The respondents, asserting, *inter alia,* that the parties' collective bargaining agreement mandated arbitration of any dispute over continuing General Municipal Law § 207-c benefits, moved to dismiss the proceeding on the ground that the petitioners had failed to exhaust their administrative remedies, and sought to compel arbitration. In opposition to the motion, the petitioners argued that the collective bargaining agreement merely preserved Gamma's rights under the statute and that he had the option of proceeding by way of arbitration or judicial review. The Supreme Court denied the motion by order dated December 19, 1997.

By judgment dated May 15, 1998, the Supreme Court held that Gamma's General Municipal Law § 207-c benefits had been terminated without due process and granted the petition to the extent of ordering the restoration of all sick leave credits expended by Gamma during the period in question. We now reverse and dismiss the proceeding.

Disability benefits payable to police officers pursuant to General Municipal Law § 207-c, once awarded, are a property interest that may not be terminated without procedural due process under the Fourteenth Amendment (*see, Matter of Uniform Firefighters of Cohoes v City of Cohoes,* 94 NY2d 686; *Matter of Prue v Hunt,* 78 NY2d 364; *Cleveland Bd. of Educ. v Loudermill,* 470 US 532). Recently, the Court of Appeals, addressing analogous disability benefits payable to firefighters pursuant to General Municipal Law § 207-a, clarified the requirements of due process in terminating such benefits under the procedures set forth under the statute, which procedures culminate in judicial review pursuant to CPLR article 78 (*see, Matter of Uniform Firefighters of Cohoes v City of Cohoes, supra*). This does not mean, however, that parties, as here, are not free to agree otherwise as to the procedures to be followed in resolving disputes concerning the termination of General Municipal Law § 207-c disability benefits (*see, Matter of City of Watertown v State of N. Y. Pub. Empl. Relations Bd.,* 95 NY2d 73; *Local*

*589, Intl. Assn. of Fire Fighters v City of Newburgh,* 116 AD2d 396; *see also, Motor Vehicle Mfrs. Assn. v State of New York,* 75 NY2d 175; *Matter of Dye v New York City Tr. Auth.,* 57 NY2d 917; *Matter of Abramovich v Board of Educ.,* 46 NY2d 450, *cert denied* 444 US 845; *Antinore v State of New York,* 49 AD2d 6, *affd* 40 NY2d 921). Pursuant to article XII (A) (2) of the parties' collective bargaining agreement, which concerns General Municipal Law § 207-c benefits, it was agreed: "If the [Union] and the Chief of Police fail to agree on an on-the-job injury or continuation of, then both sides agree to send the issue to grievance arbitration." Indeed, we note that in *Matter of City of Watertown v State of N. Y. Pub. Empl. Relations Bd. (supra),* the respondent union was seeking to negotiate the right to resolve disputes over the termination of General Municipal Law § 207-c benefits, as here, pursuant to binding arbitration. Thus, as the parties have failed to agree on Gamma's entitlement to continuing General Municipal Law § 207-c benefits, the issues raised herein, including, *inter alia,* whether Gamma remained disabled within the meaning of General Municipal Law § 207-c, and whether the collective bargaining agreement required arbitration prior to the termination of benefits, are issues for the arbitrator.

To the extent that the petitioners' arguments may be read to assert that a failure to agree over continuing General Municipal Law § 207-c benefits could only arise after an evidentiary hearing comporting with due process, and that such a hearing was a condition precedent to contractual arbitration—which arguments would raise a threshold determination for this Court (*see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1)—we hold that no reasonable construction of the parties' collective bargaining agreement supports such an interpretation. Further, contrary to the petitioners' contention, the collective bargaining agreement did not provide them with the option of seeking arbitration or judicial review (*see, e.g., Matter of Dombroski v Bloom,* 170 AD2d 805). Accordingly, prior to the exhaustion of the contractual remedy of arbitration, judicial relief pursuant to CPLR article 78 is not warranted (*see, Matter of Plummer v Klepak,* 48 NY2d 486, *cert denied* 445 US 952; *Matter of Oneida County Deputy Sheriff's Benevolent Assn. v Hasenauer,* 145 AD2d 984; *Matter of Dozier v New York City,* 130 AD2d 128). Thus, the Supreme Court erred in granting such relief. Therefore, the judgment is reversed, on the law, the petition is denied, and the proceeding is dismissed.

JOY, THOMPSON and S. MILLER, JJ., concur.

Ordered that the judgment is reversed, on the law, the petition is denied, and the proceeding is dismissed.