■ In the Matter of STEPHEN J. GAMMA et al., Respondents-Appellants, v MICHAEL D. FERRARA et al., Appellants-Respondents. [711 NYS2d 462] —In a proceeding pursuant to CPLR article 78 to review a determination of Michael D. Ferrara, the Deputy Chief of Police of the City of Newburgh, and the City of Newburgh, dated February 6, 1998, terminating the petitioner Stephen J. Gamma's General Municipal Law § 207-c disability benefits, and pursuant to CPLR article 75 to compel the arbitration of Stephen J. Gamma's claim that the termination of his benefits was improper, Michael D. Ferrara, the Dep-

uty Chief of Police of the City of Newburgh, and the City of Newburgh, appeal, as limited by their brief, from so much of (1) an order and judgment (one paper) of the Supreme Court, Orange County (Slobod, J.), dated February 27, 1998, as vacated the determination and directed the reinstatement of the petitioner's benefits retroactive to February 3, 1998, and (2) an order of the same court, dated March 25, 1998, as, upon granting reargument, adhered to the order and judgment dated February 27, 1998, and the petitioners Stephen J. Gamma and the Patrolmen's Benevolent Association of Newburgh, New York, Inc., cross-appeal from so much of the order and judgment dated February 27, 1998, as denied that branch of the petition which was to compel the arbitration of Stephen J. Gamma's claim that the termination of his benefits was improper. The cross appeal by Stephen J. Gamma and the Patrolmen's Benevolent Association of Newburgh, New York, Inc., from the order and judgment dated February 27, 1998, brings up for review so much of the order dated March 25, 1998, as, upon reargument, adhered to the determination made in that order and judgment, denying the branch of the petition which was to compel the arbitration of Stephen J. Gamma's claim.

Ordered that the appeal and cross appeal from the order and judgment dated February 27, 1998, are dismissed, without costs or disbursements, as the order and judgment was superseded by the order dated March 25, 1998, made upon reargument; and it is further,

Ordered that the order dated March 25, 1998, is reversed insofar as appealed from and reviewed, without costs or disbursements, and upon reargument, so much of the order and judgment dated February 27, 1998, as vacated the respondents' determination to terminate Stephen J. Gamma's General Municipal Law § 207-c benefits, directed the respondents to reinstate the benefits retroactive to February 3, 1998, and denied that branch of the petition which was to compel arbitration of Stephen J. Gamma's claim is vacated, and a provision granting that branch of the petition which was to compel arbitration of Stephen J. Gamma's claim is substituted therefor.

In June 1996, the petitioner Stephen J. Gamma (hereinafter Gamma) injured his back while performing his duties as a police officer for the respondent City of Newburgh. He was thereafter awarded disability benefits pursuant to General Municipal Law § 207-c. His disability benefits were terminated, which is not at issue in this appeal (*see, Matter of Gamma v Bloom,*

274 AD2d 14 [decided herewith]), but were restored as of October 22, 1997. In January 1998, Gamma was examined by a doctor designated by the respondents pursuant to General Municipal Law § 207-c (1), was found to be fit for light police duty, and was directed to report for such duty on February 3, 1998. However, asserting that he remained disabled by his injury, Gamma failed to report as directed. After a meeting between the parties on February 6, 1998, failed to resolve their disagreement over Gamma's fitness for light police duty, the respondents terminated Gamma's benefits pursuant to General Municipal Law § 207-c, effective February 3, 1998.

The petitioners thereafter commenced this proceeding pursuant to CPLR articles 78 and 75. The petitioners argued that, pursuant to the terms of the parties' collective bargaining agreement, Gamma was entitled to a pre-termination arbitration of his claim that he continued to be totally disabled by his line-of-duty injury and that he was unfit for light duty. Accordingly, the petitioners sought, *inter alia*, to annul the respondents' determination, reinstate Gamma's General Municipal Law § 207-c benefits retroactive to February 3, 1998, and compel arbitration.

By order and judgment dated February 27, 1998, the Supreme Court, finding that Gamma had been denied his due process rights, vacated the respondents' determination to revoke Gamma's General Municipal Law § 207-c benefits and ordered that they reinstate those benefits, and denied, as academic, that branch of the petition which was to compel arbitration. By order dated March 25, 1998, made upon reargument, the Supreme Court adhered to its prior determination. We reverse.

For the reasons discussed in *Matter of Gamma v Bloom* (*supra*), the petitioners' arguments present issues to be determined at arbitration pursuant to the terms of the parties' collective bargaining agreement. Thus, because the continuation of Gamma's General Municipal Law § 207-c benefits during the pendency of the arbitration cannot be sustained as provisional relief granted pursuant to CPLR 7502 (c), in that the failure to grant such relief will not render any subsequent arbitration award in Gamma's favor "ineffectual", the grant of such relief must be reversed. If Gamma prevails after arbitration, he will be entitled to reimbursement of all benefits found to have been improperly denied (*cf., Matter of Hill v Reynolds,* 187 AD2d 299; *Suffolk County Assn. of Mun. Empls. v County of Suffolk,* 163 AD2d 469; *Matter of Armitage v Carey,* 49 AD2d 496). Ritter, J. P., Joy, Thompson and S. Miller, JJ., concur.