Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered August 4, 2011 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent’s motion to dismiss the petition.
Petitioner, an inmate, commenced this CPLR article 78 proceeding challenging a December 2010 determination of the Board of Parole, which denied his request for parole release. Citing the fact that petitioner’s administrative appeal of that denial was still pending at the time this proceeding was commenced, respondent moved to dismiss based upon petitioner’s failure to exhaust his administrative remedies.* Supreme Court granted the motion and dismissed the petition. Petitioner appeals and we affirm. Contrary to petitioner’s argument, the record does not support his conclusory contention that exhaustion was not required because further pursuit of an administrative appeal would have been futile (see People ex rel. Martinez v Beaver, 8 AD3d 1095 [2004]; People ex rel. Gaito v Couture, 268 AD2d 914 [2000], lv denied 94 NY2d 765 [2000]). Nor has he demonstrated the applicability of any other recognized exception to the exhaustion requirement.
*1574 Rose, J.E, Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

 We note that, although the motion to dismiss references CPLR 3211 (a) (7), it is apparent from the language employed therein that respondent is appropriately raising an objection in point of law on exhaustion grounds pursuant to CPLR 7804 (f) (see generally Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7804:7, at 674).