■ In the Matter of MICHAEL MATRISCIANO, Appellant, v MICHAEL R. COAN et al., Respondents. [999 NYS2d 23]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered August 20, 2013, denying the petition, inter alia, to annul respondents' determination, dated August 21, 2012, which purportedly terminated petitioner's employment as a police officer with respondent Metropolitan Transportation Authority Police Department, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The article 78 court correctly denied the petition and dismissed the proceeding on the ground that petitioner did not exhaust his administrative remedies (see Matter of Cantres v Board of Educ. of City of N.Y., 145 AD2d 359 [1st Dept 1988]). The waiver of trial agreement (waiver agreement) incorporated the collective bargaining agreement's binding arbitration procedure as the means of determining, in future cases of misconduct, whether petitioner had committed a "serious violation" of respondent police department rules. The department later determined that subsequent to entering into the waiver agreement petitioner committed a serious violation. Petitioner began the grievance process by appealing the determination to respondent's director of labor relations, and when that process was unsuccessful, petitioner demanded arbitration. However, before the arbitration commenced, petitioner brought this article 78 proceeding.

Petitioner failed to establish that he was actually terminated before arbitration, in violation of the waiver agreement. To the extent a mistake was made when a personnel order, dated August 21, 2012, was issued to all department members stating that petitioner had been terminated, the mistake was corrected, and a revised order, dated April 12, 2013, was issued to all department members stating that petitioner was suspended. The department's records demonstrate that, effective August 20, 2012, petitioner was on an unpaid leave of absence.

Petitioner also submitted no evidence that he was, as he claims, prejudiced by these events. Concur—Gonzalez, P.J., Tom, Friedman, Acosta and Moskowitz, JJ.