■ In the Matter of MILDRED MENDEZ, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant. [10 NYS3d 59]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered October 2, 2013, among other things, granting the petition to the extent of directing respondent New York City Department of Education (DOE) to reinstate petitioner to her teaching position with back pay and all other economic benefits of employment from August 28, 2008, and referring the issue of the amount due to petitioner to a special referee, unanimously reversed, on the law and the facts, without costs, the petition denied, and the proceeding, brought pursuant to CPLR article 78, dismissed.

The petition is time-barred because it was filed more than four months after petitioner's receipt of DOE's letter notifying her that she was taken off the payroll as a result of her resignation (*see* CPLR 217 [1]; *see also Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834 [1983]). The court failed to distinguish the regulations applicable to employee requests to "rescind" a resignation, which are made before the effective date of the resignation, and requests to "withdraw" a resignation, which are made after the effective date of the resignation. Because petitioner sought to rescind her resignation before it was effective, under Chancellor's Regulation C-205 (26), the resignation was deemed final upon submission, and the Chancellor had no obligation to specifically notify petitioner that her request to rescind was denied. The record reflects that DOE notified petitioner on August 26, 2008 that she was being taken off the payroll based on her resignation. Further action by DOE was not required. Petitioner's letters to DOE after that date did not extend the statute of limitations (*see Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974, 976 [1983], *cert denied* 469 US 823 [1984]).

Moreover, petitioner failed to exhaust her administrative remedies. Although petitioner's union declined to pursue her grievance to Step II, it notified her that she could appeal that determination, and she failed to do so (*see Matter of Cantres v Board of Educ. of City of N.Y.*, 145 AD2d 359, 360 [1st Dept 1988]). Petitioner failed to show that pursuing her grievance

would have been futile (*see Matter of Toro v Evans*, 95 AD3d 1573 [3d Dept 2012]).

In any event, there was a rational basis for DOE's determination terminating her employment based on her resignation in the face of disciplinary charges, and the determination was not arbitrary and capricious, made in bad faith, or made in violation of lawful procedure (*see* CPLR 7803 [3]; *see also Matter of Hughes v Doherty*, 5 NY3d 100, 105, 107 [2005]). Concur—Mazzarelli, J.P., Acosta, Renwick, Manzanet-Daniels and Feinman, JJ.