Matter of Campbell-Lui v New York City Dept. of Educ. (2022 NY Slip Op 05946)

Matter of Campbell-Lui v New York City Dept. of Educ.

2022 NY Slip Op 05946

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Webber, J.P., Singh, Moulton, González, Pitt, JJ. 

Index No. 153518/19 Appeal No. 16518 Case No. 2022-00054 

[*1]In the Matter of Laura Campbell-Lui, Petitioner-Appellant,
v
New York City Department of Education, et al., Respondents-Respondents.

Glass Harlow & Hogrogian LLP, New York (Bryan D. Glass of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Chloe K. Moon of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about June 9, 2021, denying the amended petition to annul the determination of respondent New York City Department of Education (DOE), dated March 13, 2019, which denied petitioner's request to withdraw her resignation, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner's attempt to file an "amended" article 78 petition two years after filing her initial petition, without first obtaining leave to amend or a stipulation to any amendment, was improper (see CPLR 3025[b] and 7804[d]; see also Matter of Gomez v Fischer, 101 AD3d 1195, 1196 [3d Dept 2012]). The amended petition is also untimely, as petitioner failed to file it within four months of DOE's decision to deny her request to withdraw her resignation (see CPLR 217[1]; see Kahn v New York City Dept. of Educ., 79 AD3d 521 [2010], affd 18 NY3d 457 [2012]). Her claim that the initial filing tolled the statute of limitations is also unavailing because the time to commence an article 78 proceeding is not extended by her eventual pursuit of administrative remedies (see id. at 522; see also Matter of Mendez v New York City Dept. of Educ., 128 AD3d 584, 584 [1st Dept 2015]).
In any event, the petition fails because petitioner did not exhaust her administrative remedies prior to bringing this proceeding, as required by her collective bargaining agreement (see Mendez at 584; Sumner v Hogan, 73 AD3d 618, 619 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022