**Spencer v Board of Educ. of the City Sch. Dist. of the City of N.Y.**

2025 NY Slip Op 30713(U)

March 3, 2025

Supreme Court, New York County

Docket Number: Index No. 154627/2024

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    L. Kotler                                    PART                    08

*Justice*

----------------------------------------------------------------X

LESLIE SPENCER,

Petitioner,

- v -

THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, DAVID C.
BANKS

Respondent.

----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154627/2024 |
| MOTION DATE | 05/17/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36

were read on this motion to/for _____ ARTICLE 78 (BODY OR OFFICER) _____ .

Upon the foregoing documents, this motion is decided as follows. This is a CPLR Article 78 proceeding arising from the termination of petitioner Leslie Spencer by The Board of Education of the City School District of the City of New York ("BOE") and David C. Banks, the Chancellor of the New York City Department of Education, (collectively, "respondents"). Spencer petitions for an order declaring Spencer's termination a violation of Section 75 of the Civil Service Law ("CSL") and the Fourteenth Amendment of the United States Constitution and reinstating her to her former position. Respondents cross-move to dismiss, contending that Spencer failed to exhaust her contractual remedies under the Collective Bargaining Agreement ("CBA") and that the petition fails to state a cause of action for which relief may be granted.

Facts

The facts alleged in the petition are as follows. Spencer was hired as a clerical associate by the BOE in March 2012. As a clerical associate, Spencer was represented by Local 1251, a union that represents clerical aids, clerical associates, secretaries, investigators and interpreters

**154627/2024 SPENCER, LESLIE vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL**          **Page 1 of 7**
**DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No. 001**

1 of 7

employed by the BOE. Local 1251 is an affiliate of DC37, a collection of 64 local unions representing a variety of workers that includes BOE employees.

Spencer suffered several on-the-job injuries while at work between 2016 and 2022. On February 16, 2016, Spencer suffered an injury resulting in permanent damage to her right knee, on November 16, 2016, Spencer suffered an injury to her right shoulder, and on June 2, 2022, Spencer suffered a torn ligament in her right knee. BOE granted Spencer's reasonable accommodation request to work from home five days a week beginning in June 2022.

On November 1, 2023, the BOE informed Spencer via written notice that they had provided her an ergonomic chair as an accommodation and that she would no longer be permitted to work from home and must report to work in person starting November 7, 2023. On November 8, 2023, the BOE disabled Spencer's remote access to the Cybershift program that enabled her to perform her duties from home and sent her a letter informing her that she must return to work by November 13, 2023, and that failure to take action would result in termination effective November 17, 2023.

Spencer informed her supervisor that she would require physical therapy before being able to report to work in person and requested a continued accommodation to work from home. This request was denied on November 17, 2023 in an email from HR. The email noted that "[Spencer]'s request was based solely on her commute - employee was advised that there are other commuting options but no accommodations for commute" and that her duties required her to be in the office.

Spencer then applied for worker's compensation leave which was denied on December 6, 2023, giving Spencer the option of applying for restoration of health leave or to return to work.

**154627/2024 SPENCER, LESLIE vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 2 of 7**

[* 2]

2 of 7

On December 12, 2023, the BOE sent Spencer another letter informing her she must return to work by December 22, 2023 or she would be terminated as of December 27, 2023.

Spencer applied for a restoration of health leave, which was denied on January 4, 2024. The denial email noted that Spencer's request was denied because she did not meet the eligibility criteria of having ten years of continuous experience in a New York City public agency and did not exhaust all accruals before applying for the DOE Grant.

Spencer also received a notice on January 4, 2024 informing her that she must return to work by January 17, 2024 and that failure to take any action would result in her termination effective January 18, 2024. Spencer was terminated on January 18, 2024.

Discussion

In an Article 78 proceeding, the applicable standard of review is whether the administrative decision was made in violation of lawful procedure; affected by an error of law; or arbitrary or capricious or an abuse of discretion, including whether the penalty imposed was an abuse of discretion (CPLR § 7803 [3]). "[T]he proper test is whether there is a rational basis for the administrative orders, the review not being of determinations made after *quasi*-judicial hearings required by statute or law" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck. Westchester County*, 34 NY2d 222, 231 [1974]) (emphasis removed); *see also Matter of Colton v. Berman*, 21 NY2d 322, 329 (1967).

"Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell*, 34 NY2d at 231; *see also Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010]; *Matter of Ferrelli v State of New York*, 226 AD3d 504, 504 [1st Dept 2024]). If the agency determination is supported by a rational basis, it

**154627/2024  SPENCER, LESLIE vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 3 of 7**

3 of 7

must be upheld even if a different conclusion could have been reached by the court (*Matter of Ferrelli*, 226 AD3d at 504; *see also Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]).

Spencer argues that the termination was arbitrary and capricious as respondents terminated her without a hearing, violating the Fourteenth Amendment and CSL § 75 which creates a property interest for permanent civil service employees. Respondents contend that the petition must be dismissed for failure to exhaust contractual remedies under the CBA between the BOE and DC37, and in the alternative that the petition fails to state a cause of action for which relief may be granted.

Spencer and respondents disagree on whether the provisions in the CBA or Section 75 of the CSL should apply. Respondents argue that they terminated her pursuant to Article XXXX of the CBA which states "[e]mployees who are absent for ten (10) consecutive workdays without notice shall be deemed to have resigned unless they have reasonable cause for failure to notify. The issue of the reasonableness of the cause and the penalty, if any, shall be subject to the grievance procedure." The CBA outlines a three-step procedure for grievances where step one is conducted at the school level, step two is with the head of the union or bureau, and step three allows for appeal to the chancellor. If step three does not resolve the grievance, then the parties may resolve the dispute with a mutually agreed on arbitrator. Spencer completed step one and step two of the process, and respondents allege that a step three hearing was heard on May 14, 2024, but that no decision had been issued. Per the CBA, an employee may move to the next step if a decision is not timely made, so respondents argue that even absent the step three determination Spencer could have appealed the grievance to arbitration and by failing to do so did not exhaust her contractual remedies.

**154627/2024   SPENCER, LESLIE vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK ET AL
Motion No. 001**

**Page 4 of 7**

[* 4]                                                                                   4 of 7

Spencer does not disagree with respondents' position that where the CBA requires a matter be submitted to its grievance procedures, the individual must finish the grievance process prior to pursuing an Article 78 proceeding. However, Spencer contends that Article XXXX of the CBA does not apply because her absence was not without notice, and therefore required respondents to be compliant with CSL § 75. When the cause of action is not governed by the CBA, the plaintiff is not required to exhaust their administrative remedies (*Shortt v City of New York*, 173 AD3d 925, 927 [2d Dept 2019]; *Matter of Van Tassel v County of Orange*, 204 AD2d 560, 561 [2d Dept 1994]). Therefore, it is necessary to determine as a threshold matter if Spencer's absence from work was "without notice" and therefore within the purview of Article XXXX of the CBA.

Spencer asserts that respondents were on notice and actively aware of the reason for her absence. The court agrees. The CBA does not define what constitutes notice, but Spencer had been in contact with the respondents and communicated her inability to commute to work and need for time to rehabilitate. Respondents had previously granted Spencer a reasonable accommodation to work from home and Spencer had requested continued accommodations, filed for worker's compensation, and applied for a restoration of health leave before filing the instant petition. Respondents cannot say that they had no notice of Spencer's absence given the prior accommodations and ongoing communication between the parties. As such, termination under Article XXXX was inappropriate and respondents were required to comply with CSL § 75. Therefore, respondents' argument that the petition must be dismissed for failure to exhaust contractual remedies is without merit as the termination was not governed by the CBA.

Respondents second argument, that the petition failed to state as cause of action for which relief may be granted because the termination was not arbitrary and capricious, fails for

**154627/2024 SPENCER, LESLIE vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 5 of 7**

5 of 7

the same reason. As the CBA did not govern the termination, terminating Spencer pursuant to Article XXXX of the CBA while ignoring the requirements of CSL § 75 was arbitrary and capricious and in violation of lawful procedures (*see Matter of Dombroski v Bloom*, 170 AD2d 805, 806 [3d Dept 1991] [detective who was demoted without a hearing had stated a cause of action based on CSL § 75]).

CSL § 75 states that a "person holding a position by permanent appointment in the competitive class of the classified civil service" "shall not be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section". It also requires written notice of any removal or disciplinary action with at least eight days to answer the charge in writing prior to a hearing "held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose" (CSL § 75[2]).

Assuming, *arguendo*, that the letters sent to Spencer constituted written notice, respondents failed to hold a hearing with Spencer prior to her termination. Therefore, respondents' termination of Spencer was without due process, and violate CSL § 75 and the Fourteenth Amendment.

For the reasons above, the petition is granted and respondents' cross-motion is denied.

**Conclusion**

Based on the foregoing, it is hereby

ADJUDGED and ORDERED that the petition is granted to the extent that the January 18, 2024 termination of Leslie Spencer is annulled and the matter remanded to respondents for

**154627/2024   SPENCER, LESLIE vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 6 of 7**

6 of 7

further proceedings, namely, a hearing upon stated charges to petitioner prior to any further

action of removal by respondents; and it is further

ORDERED that respondents cross-motion to dismiss is denied in its entirety.

Any requested relief not expressly addressed herein has nonetheless been considered and

is hereby denied and this constitutes the decision and order of the court.

_____3/3/2025_____
DATE

_____
LYNN R. KOTLER, J.S.C.

CHECK ONE:

[X] CASE DISPOSED  *cross motion*  [ ] NON-FINAL DISPOSITION

[X] GRANTED  [X] DENIED  [ ] GRANTED IN PART  [ ] OTHER

APPLICATION:  [ ] SETTLE ORDER  [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:  [ ] INCLUDES TRANSFER/REASSIGN  [ ] FIDUCIARY APPOINTMENT  [ ] REFERENCE

154627/2024  SPENCER, LESLIE vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL
Motion No.  001

Page 7 of 7